## 67107. NORTH EAST INSURANCE COMPANY v. TOWNSEND et al.

McMURRAY, Chief Judge.

On or about January 18, 1979, Robert W. Rice was injured on the business premises of Jack Townsend. The incident in question involved injuries sustained while changing a motor in an automobile on which he was working at Townsend's place of business. At that time Jack Townsend, the operator of the business, had an automobile liability insurance policy with North East Insurance Company. The policy of insurance contained language that in the event of an occurrence written notice "shall be given by or for the insured to the company or any of its authorized agents as soon as practicable." Townsend contends that he was not aware that this insurance policy would protect him as to liability with reference to the injury that Rice received on this occasion.

On or about January 16, 1981, Townsend was served with a lawsuit filed against him by Rice seeking damages for the injuries he received in the incident occurring on January 18, 1979. After being served with the lawsuit Townsend consulted with his attorney and then gave the North East Insurance Company its first notice as to the alleged injuries involving Rice.

Whereupon, North East Insurance Company, as plaintiff, brought a declaratory judgment action naming as defendants Townsend and Rice contending there was an actual controversy of a justiciable nature involving its rights and liabilities under the contract of liability insurance which is dependent upon the construction of the contract of liability insurance and as the defendant Townsend claims liability insurance coverage for the occurrence which was not given to the plaintiff by this defendant or any other person until after the filing of the aforesaid lawsuit, the policy does not cover any of the injuries or damages sustained by the

defendant Rice nor is it obligated to defend defendant Townsend in the aforementioned civil action due to the fact that it did not receive timely notice of the injury and damages as required by the conditions of the policy shown above. Therefore, plaintiff sought a declaration of its rights and liabilities in accordance with the Declaratory Judgment Act and a holding that there is no insurance coverage or duty to defend defendant Townsend for the alleged injuries and damages described in the civil action filed against him by defendant Rice.

The case came on for trial following a pretrial order and a stipulation setting forth in substance the above admitted facts, the trial court having previously held that it would allow the jury to determine the issues of truthfulness of the insured's contention that notice was given as soon as there was any knowledge of the existence of coverage and as to the sufficiency of the alleged justification for the delay. If there be an issue of fact, the same might be submitted to a jury under the authority of OCGA § 9-4-5 (formerly Code Ann. § 110-1104 (Ga. L. 1945, pp. 137, 138)). The jury returned its verdict in favor of the defendants finding that the defendant Townsend did notify the insurance company as soon as the action was brought against him and the delay was justified. The judgment followed the verdict, the court holding that there is insurance coverage for defendant Townsend for the injuries and damages sued for by defendant Rice and that plaintiff has the duty to defend defendant Townsend. Plaintiff appeals. *Held:*

Plaintiff's first enumeration of error is that the trial court erred in denying its motion for directed verdict and motion for judgment notwithstanding the verdict. We find no written motion for judgment notwithstanding the verdict in the record, nor does the plaintiff set forth in the brief wherein during the trial its motion for directed verdict and its subsequent motion for judgment notwithstanding the verdict may have been made. Nevertheless, the second and remaining enumeration of error is that the judgment of the trial court is not supported by sufficient evidence, and we proceed to review defendant's contention that the plaintiff was entitled to judgment as a matter of law due to the defendant's failure to give notice to the plaintiff as soon as practicable as required by the insurance policy. Plaintiff contends that the notice requirement in the policy is a condition precedent to the insurer's coverage of liability and must be complied with absent a showing of justification, citing such cases as *Richmond v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 215 (231 SE2d 245); *Edwards v. Fidelity &c. Co.,* 129 Ga. App. 306 (199 SE2d 570); *Bituminous Cas. Corp. v. J. B. Forrest & Sons,* 132 Ga. App. 714 (209 SE2d 6). Plaintiff further contends that the justification given by the defendant Townsend for failing to give immediate notice of the

occurrence is insufficient as a matter of law, likewise based upon the above cases. The evidence, however, established that the defendant Townsend believed that he did not have liability insurance coverage when the alleged injury to defendant Rice occurred. It was further established that defendant Townsend was without knowledge of the insurance coverage even though he had inquired about said coverage when he took out the policy. Even when he gave the suit to the insurance agent for the insurer he did not know of the coverage. Defendant Townsend cites in support of the question "as soon as practicable" the case of *Norfolk & Dedham Mut. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 198-199 (2) (196 SE2d 167), wherein it was held: " 'The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case.' [Cits.]" The defendant contended and so testified that he only became aware that he had insurance coverage after talking to his attorney. Further, even after being served with the action for damages he was told by the insurance agent from whom he purchased the policy that he did not have coverage. While during the trial it could have been developed as to whose agent the insurance broker or agent was, that is, either the agent of the plaintiff or defendant Townsend or both, this did not occur here.

In the case of *State Farm Mut. Auto. Ins. Co. v. Sloan,* 150 Ga. App. 464 (258 SE2d 146), it was shown that the delay in giving notice was due to several factors including lack of knowledge of the insured as to the coverage and the court therein held that the truthfulness of the insured's contention that notice was given as soon as there was any knowledge of the existence of coverage and the sufficiency of the alleged justification for delay must be decided by the trier of fact and that these cases are controlling here. The jury having considered these issues and found against the plaintiff in favor of the defendants, we find no reversible error.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 20, 1984.

*Jeffrey J. Cohen, Todd K. Maziar,* for appellant.
*J. William Cook, Don G. Gaskill,* for appellees.