## 55853. HICKS v. CONTINENTAL INSURANCE COMPANY.

WEBB, Judge.

While driving her automobile, Sherry Hicks was struck and injured by an automobile driven by Maxine Reynolds. Ms. Reynolds was driving an automobile belonging to Taurus Volkswagen which had been provided for her use while her own car was being repaired.

The Taurus automobile was covered by a policy of insurance issued to it by the Continental Insurance Company under which Ms. Reynolds became an additional insured. Ms. Hicks filed suit against Ms. Reynolds. A two-page document captioned "Complaint," which was signed but not dated and contained no case number on it nor summons attached thereto, was sent to Continental's claims adjuster. The acknowledgment of service upon Ms. Reynolds was neither dated nor signed. Default judgment was rendered against Ms. Reynolds and demand for payment of the judgment was subsequently made upon Continental, which refused to pay. This suit ensued and after discovery, on hearing in the trial court, Continental's motion for summary judgment was granted and Ms. Hicks' denied. She appeals and we affirm.

As an additional insured Ms. Reynolds was required to elect coverage under the insurance policy. "One who is entitled to be an insured or additional insured under an automobile liability policy is not a party to the contract but has the right to elect whether to come under the coverage offered by the policy." *Ericson v. Hill,* 109 Ga. App. 759 (1) (a) (137 SE2d 374) (1964). As explained in the *Ericson* case, "[i]n this capacity she was not a party to the contract. She was merely a third-party beneficiary who had an independent power of election and one who was under no contractual duty either to the named insured or the insurer. At that point, had she wished to do so, she could have decided to reject the insurance coverage offered her by the contract of others." Ibid. p. 761.

Ms. Reynolds did not notify Continental of the lawsuit filed against her, and she did not forward her service copy of the complaint to Continental as required by the policy. Unless such action was taken by her there could be no election of coverage. The documents forwarded to Continental by Ms. Hicks' attorney did not comply with the policy requirements and summary judgment was properly granted Continental and denied Ms. Hicks.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED MAY 4, 1978 — DECIDED MAY 31, 1978.

*Adair, Goldthwaite & Daniel, T. Emory Daniel,* for appellant.

*Phillips, Hart & Mozley, George W. Hart, Michael G. Frick,* for appellee.