58058. SOUTHEASTERN STAGES, INC. et al. v. GENERAL FIRE & CASUALTY COMPANY et al.

SHULMAN, Judge.

A jury verdict was returned against Southeastern Stages, Inc., as lessee and operator of a bus; and Edward Sam Carder, as the driver/employee of Southeastern, in a tort action seeking damages for injuries allegedly sustained by a passenger riding in a pickup truck which was struck from behind by the bus. After General Fire & Casualty Company (an insurer of Greyhound Lines, Inc.,

the lessor/owner of the bus) and Unigard Mutual Insurance Company (an insurer providing excess liability coverage to Greyhound) refused to participate in the settlement of the damage suit, Southeastern Stages, Continental Casualty Company (Southeastern's insurer), and Carder, appellants herein, brought this action demanding reimbursement for certain payments made by appellants in satisfaction and cancellation of the damage suit and other damages attributable to appellees' allegedly wrongful denial of coverage. On appellees' joint motion for summary judgment, the trial court sustained appellees' contention that appellants failed to comply with conditions precedent of the insurance contracts under which appellants sought to predicate appellees' liability. We affirm the judgment of the trial court.

1. Appellants concede that they, either as a corporation or as individuals, did not comply with contract conditions precedent requiring notice of occurrence and the forwarding of all civil processes to the insurer. Appellants submit, however, that summary judgment was inappropriate as to General Fire because genuine issues of material fact remain as to whether notice of the occurrence given by others inured to Southeastern's benefit and whether conduct on the part of General Fire waived the absolute failure of any party to comply with contract provisions requiring the forwarding of service of process to General Fire. We disagree.

A. The collision giving rise to appellants' claim occurred on July 20, 1974. On January 27, 1976, General Fire was first notified of appellants' contention that the General Fire policy issued to Greyhound provided additional insurance coverage for Southeastern and its driver for injuries arising out of the July 20, 1974, collision. This notice came 557 days after the collision and six months after the tort suit was filed.

As an additional insured, Southeastern was required to elect coverage under the insurance policy. *Hicks v. Continental Ins. Co.,* 146 Ga. App. 124 (245 SE2d 482). Since the evidence on motion for summary judgment fails to show that appellants (or someone acting on behalf of appellants) had timely elected to invoke liability coverage as an additional insured under the policy issued by

General Fire to Greyhound, the trial court properly entered summary judgment in favor of General Fire. Id. *Ballew v. State Farm &c. Ins. Co.,* 122 Ga. App. 417 (177 SE2d 172).

B. Questions concerning whether the notice of claim received by General Fire satisfied contractual notice provisions and, if so, whether General Fire's response to this notice constituted a waiver of further compliance with contract provisions, are not genuine issues of material fact precluding summary judgment.

The "notice of claim" on which appellants rely was a preprinted form prepared by a party providing medical treatment for injuries sustained in the collision by a passenger in the pickup truck. The form, which made no reference to Southeastern, stated a claim for subrogation against Greyhound. Upon receipt of this claim for subrogation, Greyhound forwarded the notice to General Fire. In response to this notice, General Fire sent a letter to the injured party's subrogee (mailing a copy to Southeastern) suggesting that the claim was the responsibility of Southeastern as the lessee/operator of the bus.

Regardless of whether this "notice of claim" on the part of the injured party's subrogee satisfied notice requirements and inured to the benefit of appellants (see generally *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471 (199 SE2d 852); *Kitt v. Shield Ins. Co.,* 240 Ga. 619 (241 SE2d 824)), or whether General Fire was placed on actual notice by its investigation of the collision (see, e.g., *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (2) (177 SE2d 819)), the notice of claim was insufficient as a matter of law to constitute an election by or on behalf of Southeastern to seek protection under the policy.

Similarly, General Fire's response fell short of a waiver of the election by Southeastern, which election was necessary to invoke coverage under the Greyhound policy. See, e.g., *Cooper v. Glens Falls Indem. Co.,* 93 Ga. App. 127 (91 SE2d 120). This being so, whether General Fire's response to the notice of claim constituted a waiver of further compliance by Southeastern with contract provisions requiring forwarding of civil processes, is not a genuine issue of material fact precluding summary

judgment.

2. Appellants, submitting that genuine issues of material fact remain as to whether timely notice of their claim was made to Unigard and whether any notice at all was required by appellants under the Unigard policy, assert that summary judgment in favor of Unigard was improper. This is not well taken.

A. By the plain terms of the Unigard policy, appellants, or someone on behalf of appellants, were required to comply with conditions precedent of the policy. *Wolverine Ins. Co.,* supra, (1b).

B. The evidence submitted on summary judgment shows that Unigard had no notice whatsoever of the collision until Greyhound notified Unigard on October 11, 1976, that a declaratory judgment action had been filed by Continental Casualty against Greyhound. The notice was given more than two years after the collision and one year after the personal injury suit was filed against Southeastern and others. Under the circumstances of this case, appellants' failure to timely notify Unigard of the collision and the ensuing litigation was without legal justification and demands judgment in favor of Unigard as a matter of law. *Dillard v. Allstate Ins. Co.,* 145 Ga. App. 755 (245 SE2d 30); *Bituminous Cas. Corp. v. J. B. Forrest & Sons,* 133 Ga. App. 864 (212 SE2d 497). Cf. *Milwaukee Ins. Co. v. Powell,* 108 Ga. App. 12 (6) (132 SE2d 95). See also Division 1A of this opinion.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED JULY 2, 1979 — DECIDED SEPTEMBER 25, 1979.

*Ben L. Weinberg, Jr., James H. Fisher, II,* for appellants.

*Sewell K. Loggins, Michael V. Elsberry,* for appellees.