## 65171. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HERRICK.

SHULMAN, Chief Judge.

This is an appeal by defendant/insurer from a judgment based on a directed verdict in favor of appellee in the amount of $30,892. Appellant enumerates five errors in the trial court's judgment.

The facts giving rise to this claim are basically undisputed. Appellee obtained a $65,000 default judgment against the driver of an automobile owned by appellant's named insured. Appellant admits that the driver of the vehicle would be covered as an additional insured pursuant to the owner's policy and also admits that the accident in question was covered by the policy. After the accident, appellant attempted to negotiate a settlement with appellee on behalf of the driver, and did in fact settle appellee's property damage claim. However, settlement efforts were unsuccessful as to appellee's personal injury claim, and appellee initiated an action against both the driver and the owner of the vehicle. Service was apparently perfected on the driver but was not perfected on the owner. The undisputed testimony of appellant's agents is that the driver never forwarded the complaint to appellant and never requested coverage for or a defense to the claim. After the case went into default and appellant refused appellee's offer to open on behalf of the driver, appellee took a default judgment and instituted this action to recover the liability policy limits of $25,000 plus interest.

At the close of the evidence in this case, the trial court granted appellee's motion for a directed verdict on the authority of *Young v. Allstate Ins. Co.,* 248 Ga. 350 (282 SE2d 115). Appellant argues that the driver made no election to come under the coverage of the owner's policy and, therefore, appellee is precluded from recovery from appellant based on the judgment against the driver. See *Hicks v. Continental Ins. Co.,* 146 Ga. App. 124 (245 SE2d 482).

1. The threshold issue presented by this appeal, whether an insured not a party to the insurance contract must elect coverage

under that contract before such coverage is invoked, must be answered in the affirmative. " 'One who is entitled to be an insured or additional insured under an automobile liability policy is not a party to the contract but has the right to elect whether to come under the coverage offered by the policy.' *Ericson v. Hill,* 109 Ga. App. 759 (1) (a) (137 SE2d 374) (1964). As explained in the *Ericson* case, '[i]n this capacity she was not a party to the contract. She was merely a third-party beneficiary who had an independent power of election and one who was under no contractual duty either to the named insured or the insurer.' " *Hicks,* supra, p. 125. Since the additional insured in *Hicks* "did not notify [the insurer] of the lawsuit filed against her, and she did not forward her service copy of the complaint to [the insurer] as required by the policy" (id.), she was deemed to have made no election of coverage. Consequently, the injured party was not entitled to recover from the insurer based on the judgment against the insured. Id. See also *Southeastern Stages v. General Fire & Cas. Co.,* 151 Ga. App. 487, 488 (260 SE2d 399).

Contrary to appellee's assertion, the election requirement has not been abrogated by *Young v. Allstate Ins. Co.,* supra; *Sentry Indemnity Co. v. Sharif,* 248 Ga. 395 (282 SE2d 907); and *Pearce v. Southern Guaranty Ins. Co.,* 246 Ga. 33 (268 SE2d 623). Those cases stand for the proposition that the insured's breach of policy conditions, including notice to the insurer, failure to forward suit papers, and misrepresentation in the procurement of the policy, will not defeat the injured third party's claim against the insurer. *Liberty Mut. Ins. Co. v. Coburn,* 129 Ga. App. 520 (3) (200 SE2d 146). The requirement of election by one not a party to the contract is an entirely different matter based on a different premise: "[*Hicks,* supra, and *Southeastern Stages,* supra] dealt with entities having disparate interests which might well have chosen to rely on their own insurance protection, and the cases do little more than point [out] that if the insurer cannot (as is settled law) force a third party to relinquish a right by treating it as an insured without its consent, such third party has a right of election." *Leventhal v. American &c. Ins. Co.,* 159 Ga. App. 104, 106 (283 SE2d 3). *Young, Sentry Indem. Co.,* and *Pearce* involve situations in which the insured, through execution of the insurance contract, has already made an election of coverage and granted the insurer the right to defend the action; their holdings are based on the premise that the "comprehensive scheme for protection of third parties" (*Young,* p. 352) of mandatory automobile insurance coverage mandates that the interest of the injured third party be paramount to the interest of the insurer in assuring compliance by the insured with lawful policy conditions. These cases and others like them place the risk of noncompliance

with policy conditions on the insurer rather than on the injured third party. However, the *Hicks* right of election is based on the indisputable right and interest of the insured third party not to come within the terms of a contract of insurance to which he is not a party, unless he makes an express election of coverage. As is clear from *Leventhal,* the third party insured's right of election remains inviolate.

2. However, as this court's holding in *Leventhal* indicates, the election of coverage may be implied from the facts of certain cases. In *Leventhal,* supra, p. 108, we held that "[w]here an action against an employer as named insured is based on the alleged negligence of an employee also covered by the policy, the presumption that the employee waives coverage unless he actively solicits it will not apply."

The present case is factually dissimilar to *Leventhal.* No employer-employee relationship existed between the owner/insured and the driver, and the owner could not be liable under the doctrine of respondeat superior. In this respect, the case is more analogous to the permissive user situation presented in *Hicks.* Unlike *Leventhal,* the facts of this case, which failed at trial to show an express election of coverage, do not mandate the finding that an election was made by the driver. Accordingly, the trial court erred in directing a verdict for appellee.

3. The facts do not demonstrate as a matter of law, however, that no election was made by the driver. Testimony of the claims agent for appellant revealed that he took the driver's statement shortly after the accident, that he attempted to negotiate a settlement with appellee, that he was successful in settling appellee's property damage claim, and that he was informed by appellee's attorneys of the filing of the suit. A jury reasonably could conclude that the driver impliedly had elected coverage under appellant's policy and that appellant was not prejudiced by the lack of an express request for coverage. Where facts are present supporting an implied election of coverage and lack of prejudice to the insurer, the absence of an express election will not entitle the insurer to judgment as a matter of law. Accordingly, the trial court properly denied appellant's motion for directed verdict.

4. In view of our disposition of the first enumeration of error, appellant's third enumeration is moot. If it is determined on retrial that an election of coverage was made, appellant will be liable up to the policy limits.

5. Since we do not know what evidence will be adduced on retrial concerning appellant's fourth enumeration of error, we will not address that enumeration in this opinion.

6. Appellant's argument in support of its fifth enumeration of

error, that the policy limits are inclusive of pre-judgment interest, is without merit. See, e.g., *Gulf Life Ins. Co. v. Matthews,* 66 Ga. App. 162 (17 SE2d 247); *Nat. Fire Ins. Co. v. Thompson,* 51 Ga. App. 625 (3) (181 SE 101), wherein recovery was permitted for policy limits plus interest on those limits.

*Judgment affirmed in part and reversed in part. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 15, 1983 — REHEARING DENIED MARCH 30, 1983 — 

*Richard G. Greer, J. Blair Craig II,* for appellant.
*Stanley E. Kreimer, Jr., Larry H. Chesin,* for appellee.