71166, 71222. INTERNATIONAL INDEMNITY COMPANY
v. SMITH; and vice versa.
(342 SE2d 4)

POPE, Judge.

International Indemnity Company (IIC) brought this action seeking a declaration of rights between itself and its insured, Joseph C. Smith. We granted IIC's application for interlocutory appeal following the trial court's denial of its motion for summary judgment; Smith filed a cross-appeal seeking review of the trial court's denial of his summary judgment motion.

The facts show that on February 2, 1979, while insured by IIC, Smith sustained a serious on-the-job injury when the truck in which he was traveling stalled. As Smith attempted to fix the carburetor, a fan blade broke loose cutting the nerves and muscles of his right arm. As the result of this injury Smith received basic no-fault benefits from the insurer of the truck as well as workers' compensation benefits; a products liability claim against the manufacturer of the truck is pending. Following a change of attorney, Smith notified IIC of the subject accident on June 6, 1983 and made a claim for optional no-fault benefits of $50,000 pursuant to the holding in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). IIC has refused to pay Smith's claim based in part upon Smith's purported non-compliance with a condition of the subject insurance policy which requires written notice to IIC or its agents of an accident "as soon as practicable." Smith contends that the 52-month delay in his giving notice to IIC was "as soon as practicable" due to the neglect of his previous attorney and his own illiteracy and consequent ignorance of the op-

tional no-fault benefits potentially available to him.

1. There is no evidence, indeed, not even an assertion, that Smith's ignorance of the terms of the subject insurance policy was due to any fraud or overreaching on the part of IIC or its agents. The law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract. See *Whitfield v. Whitfield*, 204 Ga. 64, 65 (48 SE2d 852) (1948). " 'The rule that one who signs a contract is presumed to know its contents has been applied even to contracts of illiterate persons on the ground that if such persons are unable to read, they are negligent if they fail to have the contract read to them. If a person can not read the instrument, it is as much his duty to procure some reliable person to read and explain it to him, before he signs it, as it would be to read it before he signed it if he were able to do so, and his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents.' " *Southern Auto Co. v. Fletcher*, 66 Ga. App. 168, 170 (17 SE2d 294) (1941). See *Robertson v. Panlos*, 208 Ga. 116 (65 SE2d 400) (1951); *Miller v. Walker*, 23 Ga. App. 273 (1) (97 SE 869) (1919). It follows that Smith's illiteracy, in and of itself, provides no excuse for his failure to comply with the notice provisions of the subject insurance policy. See *Wilson v. Bush*, 22 Ga. App. 83 (1) (95 SE 317) (1918); 17 CJS, Contracts, § 139.

The question thus becomes whether it can be said as a matter of law that a 52-month delay was unjustified and unreasonable, the timeliness of notice generally being a question of fact for the jury? Yes. In *Bates v. Holyoke Mut. Ins. Co.*, 171 Ga. App. 164 (318 SE2d 777) (1984), aff'd 253 Ga. 697 (324 SE2d 474) (1985), this court found that the appellants' unexcused failure to file any notice of claim with the insurer for more than three years was unreasonable as a matter of law. Having concluded that Smith's long delay in filing a claim with IIC was likewise unexcused, we find same to be unreasonable as a matter of law. Therefore, the trial court erred in denying IIC's motion for summary judgment on this ground.

2. Smith's cross-appeal, notice of which was filed 27 days from the service of IIC's notice of appeal, is dismissed as untimely. See OCGA § 5-6-38 (a); *Shipman v. Horizon Corp.*, 151 Ga. App. 242 (10) (259 SE2d 221) (1979); *Venable v. Block*, 138 Ga. App. 215 (3) (225 SE2d 755) (1976).

*Judgment reversed in Case No. 71166. Appeal dismissed in Case No. 71222. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1986 —
REHEARING DENIED FEBRUARY 24, 1986.

*Michael L. Wetzel*, for appellant.

*James D. Hollingsworth*, for appellee.