72852. PARRIS v. PLEDGER INSURANCE AGENCY, INC.
(348 SE2d 924)

CARLEY, Judge.

In December of 1981, the National Flood Insurance Program (NFIP) sent notice to appellant-plaintiff that his flood insurance policy would expire on January 30, 1982, unless his premium payment for a successive term was received by NFIP prior to that date. The

notice also informed appellant that, under certain circumstances, a payment mailed to NFIP before the expiration date would be deemed to have been received by it prior to expiration. The information contained in this notice was also contained in appellant's policy. On February 3, 1982, four days after the specified expiration date of the policy, appellant tendered a premium payment to appellee-defendant, the independent insurance agency through which the NFIP policy had originally been procured. On February 3 and 4, 1982, appellant's house was damaged by flooding. Appellant filed a claim with NFIP. The claim was denied because his policy had expired on January 30, 1982, and had not been reinstated at the time of the flooding. Appellant sued appellee for the breach of an alleged contract to procure flood insurance and for negligence in allegedly failing to prevent the lapse of his flood insurance policy. The case came on for trial before a jury. After the presentation of appellant's evidence, the trial court granted appellee's motion for directed verdict and this appeal is from the ensuing judgment in favor of appellee.

1. Appellant contends that there was sufficient evidence to authorize a finding that appellee had breached a contract to procure flood insurance. The evidence showed that, in exchange for a commission, appellee agreed to procure insurance for appellant by forwarding his premium payment to the NFIP on February 3, 1982. No other promises were made or could reasonably be implied. Later on the same day, appellee discovered that appellant's policy had, in fact, already expired. Aware of the imminent danger of flooding, appellee telephoned the offices of NFIP, explained the situation, and asked for instructions. Appellee was told to send the money, and that NFIP would decide what to do if appellant filed a claim. The payment was mailed by appellee that same day. The premium was received by NFIP on February 6, 1982, and the policy was reinstated effective the next day.

Appellee breached no contractual obligation to appellant. Under the undisputed evidence, appellee could not have acted so as to procure flood insurance coverage for appellant from NFIP which would have been in force on February 3 and 4, 1982, when the damage was incurred. Appellee's duty was only to forward appellant's premium to NFIP. This duty was timely performed and a policy was issued by NFIP. Compare *Anderson v. Redwal Music Co.*, 122 Ga. App. 247 (176 SE2d 645) (1970) (insurance agent procured only half of the coverage promised); *Stewart v. Boykin*, 165 Ga. App. 868, 872 (2) (303 SE2d 50) (1983) (jury question existed as to whether agent timely mailed application to insurance company); *Carrollton Fed. Savings &c. Assn. v. Young*, 165 Ga. App. 262 (299 SE2d 395) (1983) (no action taken to procure coverage). The trial court did not err in granting appellee a directed verdict as to appellant's contract claim.

2. Appellant also asserts that the evidence authorized a finding of appellee's negligence for failing to prevent his insurance policy from lapsing. However, appellant's policy had *already* expired when he sought appellee's assistance in renewing it. Under the circumstances, the only negligence entering into the lapse of the policy was attributable to appellant himself. He failed to familiarize himself with the contents of either the policy or of the renewal notice, and he also failed to pay the premium within such time as to prevent the expiration of the policy. See *Turner, Wood & Smith v. Reed*, 169 Ga. App. 213 (311 SE2d 859) (1983).

Appellant asserts that appellee could be held liable in tort on the basis of appellee's misrepresentation to him that, on February 3, 1982, his coverage with NFIP was still "good." However, appellant's policy clearly provided that coverage terminated on the expiration date shown on the Declarations Page, and that the policy would not continue in effect unless the premium payment for another term was received by NFIP prior to the expiration date. The policy set out the circumstances under which a premium mailed before the expiration date would be deemed to have been received prior to expiration. Appellant also received a renewal notice informing him of this information. Appellant is chargeable with knowledge of the contents of his policy. *Brown v. Mack Trucks*, 111 Ga. App. 164, 166 (141 SE2d 208) (1965).

Moreover, there is no evidence that, had it not been for appellee's misrepresentation concerning the status of the NFIP policy, appellant could have secured insurance from another source which would have covered the flood damage of February 3 and 4, 1982. "[W]hen an injury can be traced directly to a wrongful act, and but for such wrongful act it could not reasonably be supposed that the injury would have resulted, this essentially antecedent act may be said to be the 'proximate cause' of the injury. [Cit.]" *Gregory v. Ross*, 214 Ga. 306, 311 (5) (104 SE2d 452) (1958). The evidence was insufficient to authorize a finding that appellee's acts or omissions were a proximate cause of appellant's failure to have effective flood insurance coverage at the time his property was damaged. See generally *Tepper v. Marty's, Inc.*, 139 Ga. App. 140, 141 (1) (228 SE2d 32) (1976).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1986.

*Donald B. Howe, Jr., David T. Emerson*, for appellant.
*Y. Kevin Williams*, for appellee.