### 73877. SOUTHERN GUARANTY INSURANCE COMPANY v. MILLER et al.
(358 SE2d 611)

SOGNIER, Judge.

Southern Guaranty Insurance Company filed a petition seeking a declaration of its obligations under an automobile policy issued by it to Harrison Poultry Company in regard to a suit filed by David Lee Gore against Harrison Poultry and its employee, Kenneth Miller, for injuries incurred in an automobile collision. After a hearing and on consideration of evidence, depositions and argument of counsel, the trial court determined that Southern Guaranty was bound by the policy to defend Harrison Poultry and/or Miller and to pay any liability which may be adjudicated in Gore's suit against them. Southern Guaranty appeals.

Miller, in a vehicle owned by Harrison Poultry and insured by

appellant, collided with a 1964 van, allegedly driven by Gore, on February 24, 1984. The accident occurred when the van, which had pulled out in front of Miller's vehicle on a county highway and was travelling at approximately 25 miles per hour, proceeded to turn left some 200 yards down the highway from where it had entered just as Miller began to pass the van on the left in the passing zone. The police were contacted and both Miller and the investigating officer inquired whether there were any physical injuries, receiving a negative answer in response. There was no property damage to the vehicle Miller was driving and, to the extent ascertainable, it appeared the 1964 van suffered little, if any, damage. Afterwards, Gore left to proceed on a 17-hour drive to Chicago and made no further contact with Miller or Harrison Poultry until sometime after April 26, 1985. Miller contacted Lee Roy Stowe, a manager at Harrison Poultry, within a few hours of the accident and another employee, who happened to be in the area at the time, also reported to Stowe about what he had observed at the accident scene. Stowe testified by deposition that after receiving the accident report from the police, he decided to ignore the matter because according to the report and the accounts given by the two employees of Harrison Poultry, there had been no injuries or significant damage. Sometime after Gore contacted Harrison Poultry, first notice of the accident was given to appellant under the automobile policy issued by it providing against liability arising out of the operation, maintenance or use of the vehicle driven by Miller.

Appellant contends the trial court erred by granting judgment in favor of appellees and failing to grant judgment in favor of appellant in that appellant had not been notified "as soon as practicable" about the accident, as required by the policy, thus relieving appellant of its obligations under the policy. Generally, whether an insured's notice to an insurer is "as soon as practicable" is subject to a factual determination, whether by jury, *Norfolk &c. Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 198-199 (2) (196 SE2d 167) (1973), or by the trial court acting without a jury. *Bituminous Cas. Corp. v. J. B. Forrest & Sons*, 132 Ga. App. 714, 717 (1) (209 SE2d 6) (1974). The courts have on occasion held a justification offered by an insured for failure to notify the insurer to be unreasonable as a matter of law under the nature and circumstances of the case. See *Edwards v. Fidelity & Cas. Co.*, 129 Ga. App. 306, 307 (1) (199 SE2d 570) (1973); *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 220 (2) (231 SE2d 245) (1976). See also *Protective Ins. Co. v. Johnson*, 256 Ga. 713 (1) (352 SE2d 760) (1987). Although in *Edwards*, supra, we did not address "whether an insured has no duty to report an accident . . . or has received some information of an occurrence that is so trivial in nature that no reasonable person would conclude that a claim would arise against him." Id. at 307 (1), the obverse of the holdings in *Edwards*,

*Richmond*, and *Johnson*, supra, would necessarily apply in that a justification offered by an insured for failure to notify the insurer can be reasonable as a matter of law under the facts and circumstances of a case.

The trial court in the case sub judice determined as a matter of law, based on evidence stipulated to by the parties or otherwise uncontroverted, that the delay in giving notice here was "justified by the insured's conclusion that the accident was not of sufficient severity to involve the insurer," concluding that "the ordinarily prudent person acting reasonably would consider the incident as so trivial and so inconsequential as not to afford the basis of a claim or give rise to a claim and there is no duty to report it." We find no error in the trial court's ruling. Appellant's argument that the premise of the trial court's ruling incorrectly requires an insured to notify the insurer only after the repercussions of an accident become known is refuted by the clear language of the trial court's order, which properly stresses that it is the nature and circumstances of "the accident" or "the incident" and the immediate conclusions an ordinarily prudent and reasonable person would draw therefrom that determine whether an insured has reasonably justified his decision not to notify the insurer. We find no merit in appellant's assertion that an insured's conclusion as to the trivial nature of an incident is the same as a conclusion as to the insured's liability for the incident, the latter conclusion constituting an invalid excuse under *Bituminous*, 132 Ga. App. 717, supra, and *Richmond*, supra at 220. Although Stowe stated in his deposition that it was the usual procedure at Harrison Poultry to report accidents if "we feel like we have got any damage or we are at fault on," and although Stowe testified they waited until they received a copy of the accident report, which reflected that no citations were issued, before deciding to ignore the incident, the depositions and other evidence support the trial court's findings of fact and conclusions of law that it was the absence of any apparent personal injury to the parties involved and the minimal property damage ascertainable to Gore's 1964 van that formed the primary, if not sole, basis for Harrison Poultry's decision not to notify appellant about this event.

Accordingly, we find no error in the trial court's ruling granting judgment in favor of appellees and against appellant.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Pope and Benham, JJ., concur. Deen, P. J., Banke, P. J., Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the facts established do not compel, as a matter of law, the conclusion that insured notified the insurer "as soon as practicable." This condition in the policy, which must be met

before the insurer is obligated to defend a tortfeasor suit and to pay a claim, cannot conclusively be said to have been met here.

Notice was given about 14 months after the collision and was triggered by receiving a claim from the other driver's attorney. Insured had not reported it to the insurer earlier because it made the judgment that the incident was trivial, although it had no assurance that there would be no claim made against it or its driver. Yet there was damage to the other vehicle and the driver in deposition stated that he believed he told the insured's driver that he was "shook up and had a stiff neck" but thought he was all right. The police were called at the insistence of the insured's driver, who believed the matter significant enough to wait approximately two hours for them. He also believed it of enough consequence to be bound to notify his employer. The police filed a report but charged no one with a traffic violation.

"The time limitations in policies of insurance requiring a report of incident 'as soon as practicable' are subject to a factual determination. 'The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case.' [Cits.]" *Norfolk &c. Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 198-199 (2) (196 SE2d 167) (1973). See also *North East Ins. Co. v. Townsend*, 169 Ga. App. 886 (315 SE2d 463) (1984).

I would reverse the judgment of the trial court and remand with direction that the question be submitted to the factfinder, in that neither plaintiff nor defendants are entitled to summary judgment.

I am authorized to state that Presiding Judge Deen and Presiding Judge Banke join in this dissent.

DECIDED MAY 6, 1987 —
REHEARING DENIED JUNE 9, 1987 — ▮▮▮▮▮▮▮▮▮▮

*Michael L. Wetzel*, for appellant.
*Charles O. Gignilliat, Richard B. Russell III, John E. Stell, Jr., Jack C. Bell*, for appellees.