A89A0100. CALDWELL et al. v. STATE FARM FIRE & CASUALTY INSURANCE COMPANY.
A89A0101. SHANE v. STATE FARM FIRE & CASUALTY INSURANCE COMPANY.
(385 SE2d 97)

POPE, Judge.

In March 1985, appellant Tom Shane, then 19, was home from college on spring break. On March 9, 1985, he had some friends over to watch movies and drink beer. Around midnight, Matt Berry, a younger friend of Tom Shane's, dropped by accompanied by four other teens, Chad Moss and three girls. Everyone visited for a while and Matt asked Tom if he could have some beer. He told Tom that he and his friends had drunk a case of beer already that night. Tom gave them four beers. Chad Moss was the driver of the car for the group. He appeared drunk to Tom Shane and he tried to get the group to stay and spend the night. However, they left and shortly thereafter there was an accident in which Stephanie Caldwell, the minor daughter of appellants Caldwell and one of the teens in the car driven by Chad Moss, was injured. Tom Shane learned of this accident the next day and questioned Matt Berry about whether the group had drunk any of the beer he had given them. He learned that one beer had been opened and passed around. At the time of these events, Tom Shane's parents were out of town and knew nothing about them. Tom Shane did not tell them about the events or accident until the end of July 1985 when his mother learned from a newspaper article that her son was a named defendant in a lawsuit arising out of the incident. Tom Shane received the summons for the suit the day after his mother read the article. At that time, the family discussed whether to notify their insurance company, State Farm Fire & Casualty Insurance Company (State Farm), but they decided to see an attorney first. Their homeowners' policy with State Farm required them to give written notice to the company or its agent of any accident or occurrence as soon as "practicable."

After the Shanes learned of the events and the lawsuit against their son, they consulted an attorney. David Shane, Tom's father, tes-

tified on deposition that he did not want to report the incident to State Farm until he was sure it was covered because in his experience his rates went up whenever an insurance company got involved. At a second meeting with the attorney in September or October, the Shanes decided on the advice of the attorney[1] to continue without notice to State Farm in hopes that Tom Shane would be dismissed from the suit. The attorney was retained to represent Tom Shane in the lawsuit and filed defensive pleadings and answered discovery requests. In January or February 1986, with scheduled depositions on the horizon, David Shane notified his State Farm agent of the incident. In March 1986 State Farm had Sara Shane sign a non-waiver request for claim service and non-waiver of rights, and also took a recorded statement relating to the coverage question. State Farm took similar recorded statements from David Shane and Tom Shane in early March. This declaratory judgment was filed May 14, 1986.

The trial court granted summary judgment to State Farm holding that the delay of the Shanes in notifying State Farm violated a condition precedent in the policy that notice of an accident or occurrence be given as soon as practicable.

1. Appellants argue that State Farm is precluded from pursuing this action because it did not obtain a valid reservation of rights and did not file its declaratory judgment action immediately. We disagree. Even if we view the recorded statements as deficient bilateral reservations of rights, they, along with the non-waiver of rights form signed by Sara Shane, put the insureds on notice concerning State Farm's questions about coverage and State Farm moved promptly to file its declaratory judgment. In *Kelly v. Lloyd's of London*, 255 Ga. 291 (336 SE2d 772) (1985), the Supreme Court explained that in determining whether an insurance company has filed a declaratory judgment in a timely manner "the crucial inquiry is whether the rights of the insured have been adequately protected." Id. at 293-294. Here, Tom Shane was represented already by an attorney, had filed defensive pleadings, answered interrogatories and had been deposed. As stated by the court in *Kelly*, supra, the rule is based on fairness. In this situation, we find that the declaratory judgment action was filed in a timely manner that was fair to the insured.

2. We turn to the question of notice. "Generally, whether an insured's notice to an insurer is 'as soon as practicable' is a question of fact for a jury. [Cit.]" *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 220 (231 SE2d 245) (1976). "Under all of the facts and circumstances of a particular case it may be found that an insured's de-

---

[1] We note that the attorney, H. Alford Fleming, Jr., has since voluntarily surrendered his license to practice law as a result of an unrelated matter. See *In the Matter of H. Alford Fleming, Jr.*, 258 Ga. 537 (373 SE2d 512) (1988).

lay in giving notice of an accident to his insurer was unjustified and unreasonable. In such event, on a motion for summary judgment, the court may rule on the question as a matter of law." Id. at 220-221. "The purpose of the notice provision . . . is to enable an insurer to investigate promptly the facts surrounding the occurrence while they are still fresh and the witnesses are still available, to prepare for a defense of the action, and, in a proper case, to determine the feasibility of settlement of the claim." Id. at 221.

The facts show that, at the earliest, the Shanes notified State Farm of the incident some six months after Tom Shane was served a summons, and that Tom Shane knew of the incident for approximately nine to ten months before State Farm was notified. The reason for the delay was a fear of a rate increase. The record is clear that State Farm received no notice from anyone of the incident before David Shane provided notice.

State Farm is not required to show that it was prejudiced by the failure to give notice where the requirement is, as here, a valid condition precedent to coverage. *Richmond v. Ga. Farm Bureau,* supra at 222. Nor is this case within the exception to this rule noted by the court in *Leventhal v. American Bankers Ins. Co.,* 159 Ga. App. 104, 108 (283 SE2d 3) (1981) because in *Leventhal* the insurer had timely actual notice of the accident and lawsuit; in this case, State Farm had no notice from anyone. We note that the law allows anyone, and not just the insured, to give timely notice to the insurer to invoke coverage. *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471, 474 (199 SE2d 852) (1973).

Finally, we are not persuaded that this case fits within the factual parameters of *Southern Guaranty Ins. Co. v. Miller,* 183 Ga. App. 261 (358 SE2d 611) (1987), in which this court held that an insured's failure to notify its insurer of an accident was justified because apparently no one was injured in the accident and there was no significant property damage. Notice in that case was given shortly after the claimant contacted the insured some two months after the accident. While the present case might fit with *Miller* had notice been given to State Farm at the time of the summons or shortly thereafter, it is clearly distinguishable where, as was done here, nearly six months passed after the Shanes knew of the summons and the serious claim against Tom Shane. Under the facts of this case, the trial court correctly granted summary judgment to appellee State Farm.

*Judgments affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 10, 1989 —
REHEARING DENIED JULY 24, 1989 — 

*Boyce, Thompson & O'Brien, Peter F. Boyce, J. Patrick O'Brien,*

*William M. Coolidge III*, for appellants (case no. A89A0100).
*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland*, for appellant (case no. A89A0101).
*Drew, Eckl & Farnham, James M. Poe*, for appellee.