## A89A2182. RUCKER v. ALLSTATE INSURANCE COMPANY et al.

### (390 SE2d 642)

McMurray, Presiding Judge.

Allstate Insurance Company ("Allstate") filed a declaratory judgment action to determine its obligations under an Allstate automobile insurance policy issued to Gloria Benton in regard to a personal injury action filed on behalf of Jonathan M. Rucker, a minor, and against Bobby Martin. Allstate moved for summary judgment arguing that it should be relieved of liability under its policy of insurance because "the insureds" failed to "promptly" notify it of the accident which gave rise to the underlying tort action. Allstate relied on the pleadings, two affidavits and admissions of the parties to support its motion for summary judgment. No evidentiary material was filed in opposition to the motion. The undisputed facts revealed the following:

Allstate insured a 1983 Buick Electra automobile which was owned by Benton. The insurance policy provided, in pertinent part, as follows: "If a person insured has an *auto* accident, [Allstate] must be promptly notified of all details." On May 14, 1986, Martin was driving Benton's Buick when he collided with a bicycle that was being operated by Rucker. Immediately after the collision, Martin informed Benton of the collision "and about [an] injury to Jonathan M. Rucker." On March 9, 1987, a lawsuit was filed against Martin in the Superior Court of Fulton County on behalf of Rucker for injuries the child allegedly sustained in the collision. On May 5, 1987, Allstate learned of the collision and the lawsuit. This declaratory judgment action followed.

The trial court granted Allstate's motion for summary judgment, finding that the insured's "delay in notifying [Allstate] of the accident was unjustified and unreasonable." This appeal followed. *Held*:

It is first argued that the trial court erred in granting Allstate's motion for summary judgment because prompt notice of the accident was not a "condition precedent" to coverage under the policy. This argument is without merit because the undisputed evidence shows that the policy requires prompt notice of any accident which may give rise to liability under the policy. Alternatively, however, it is argued that a jury question exists as to whether the delay in notification was reasonable and justified.

"The time limitations in policies of insurance requiring a report of incident [promptly] are subject to a factual determination. 'The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case.' [Cits.]"

*Norfolk & Dedham &c. Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 198 (2) (196 SE2d 167).

In the case sub judice, Allstate presented no evidence as to the reason for the insureds' delay in giving notice of the collision. Allstate only showed that it received notice almost 12 months after the collision and that the insured (Martin) and the policyholder (Benton) were aware that Rucker was injured. There is no evidence showing that Benton or Martin were aware of the extent of Rucker's injuries or that the child required medical attention for his injuries. Nor is there evidence showing the extent of damage, if any, to Benton's vehicle so as to apprise the policyholder of the severity of the collision. Under these circumstances, we cannot say as a matter of law that Allstate met its burden of showing that the insureds' delay in giving notice of the collision "was unjustified and unreasonable." See *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429). Consequently, giving the non-moving parties the benefit of every reasonable doubt, we find that genuine issues of material fact remain as to the sufficiency of the insureds' excuse for the delay in reporting the collision to Allstate and of their diligence in giving notice of the accident after the removal of any disability. See *Southern Trust Ins. Co. v. Clark*, 148 Ga. App. 579, 581 (1), 582 (251 SE2d 823). Compare *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 220 (2) (231 SE2d 245), where undisputed evidence presented on summary judgment showed that the insured was aware at the time of the collision of damages which were covered under the policy of insurance. The trial court erred in granting Allstate's motion for summary judgment.

*Judgment reversed. Carley, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

It should be noted, first of all, that the provision quoted from the policy includes a second sentence: "If a person insured is sued as the result of an auto accident [Allstate] must be notified immediately." That is, there are two requirements for prompt notification.

1. By substituting the word "promptly" for the words "as soon as practicable" in the citation from *Norfolk & Dedham &c. Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 198 (2) (196 SE2d 167) (1973), we are equating the two. Because "as soon as practicable" has been construed in that and other cases[1] to allow for reasonable excuses and reasonable delays without penalizing the insured with non-coverage, these same factors are being carried into the concept of promptness.

---

[1] E.g., *Southern Trust Ins. Co. v. Clark*, 148 Ga. App. 579, 582 (1) (251 SE2d 823) (1978); *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 220 (2) (231 SE2d 245) (1976); *Southern Guaranty Ins. Co. v. Miller*, 183 Ga. App. 261, 262 (358 SE2d 611) (1987).

It is as though the condition precedent required that the insurer be promptly notified unless there is a reasonable excuse and notification within a reasonable time after knowledge of the accident and resulting injuries and damages. Strictly as written, the policy requires prompt notification after the accident happens, period, leaving no room for excuses for delay and excluding lack of knowledge of injuries and property damages as justification for lack of promptness.

2. The underlying lawsuit for which coverage is sought is against only the driver Martin, who was an additional insured under the policy. It is undisputed that he knew of his collision with the bicycle at the time it occurred and that the child was injured. He told the car owner sometime thereafter. He received a traffic summons due to the collision. The case was dismissed not on the facts but because the witness did not appear. He gave no notice to the insurer whose contract with the car owner he now wishes to invoke the coverage of. The insurer was not notified of the collision until almost one year afterwards. It was not notified at all by Martin or the named insured.

No reason is given for the failure to comply with the policy requirements other than the owner's judgment of triviality, so there is a question of fact with regard to whether the reasons were justified. Of course, "[j]ustification for failure to give notice as soon as practicable, . . . may not include the insured's conclusion 'that he was free of fault and that there was no liability to the other party. That is the very issue which the company must have reasonable opportunity to investigate with promptness, and which requires a prompt notice of the occurrence.' *Bituminous Cas. Corp. v. J. B. Forrest &c., Inc.*, 132 Ga. App. 714, 717 (209 SE2d 6)." *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 220 (2) (231 SE2d 245) (1976).

Whether the terms of the policy have been complied with so that the additional insured Martin can elect coverage, has not been foreclosed as a matter of law. See, regarding additional insureds, *Hicks v. Continental Ins. Co.*, 146 Ga. App. 124 (245 SE2d 482) (1978); *Leventhal v. American Bankers Ins. Co.*, 159 Ga. App. 104, 105 (3) (283 SE2d 3) (1981).

DECIDED FEBRUARY 5, 1990.

*Nall, Miller, Owens, Hocutt & Howard, Kelly D. Eulenfeld*, for appellant.

*Allen F. Harris, Fain, Major & Wiley, Charles A. Wiley, Jr., Arthur B. Seymour, Brian R. Neary*, for appellees.