S90G0634. COTTON STATES MUTUAL INSURANCE
COMPANY v. STARNES.
(392 SE2d 3)

FLETCHER, Justice.

Cotton States Mutual Insurance Company brought this action seeking a declaratory judgment absolving it of its obligation to defend Horace Brown, Jr., an additional insured, in the suit brought by John Christopher Starnes and Linda Starnes. The trial court granted summary judgment for Cotton States and denied summary judgment for Starnes. The Court of Appeals reversed in part and affirmed in part.

*Starnes v. Cotton States Mut. Ins. Co.*, 194 Ga. App. 320, 323 (390 SE2d 419) (1990). This Court granted certiorari to examine the so-called "rule of election" by additional insureds. We affirm.

The facts, set forth more fully in the Court of Appeals' opinion, see id. at 320-21, are as follows: Brown borrowed Glen Upchurch's car, which Cotton States insured. After William Roy Stallings' car forced Brown to stop so suddenly as to cause Brown's son's head to crack the windshield, Brown gave chase. Sometime during or shortly after the chase, Stallings, who was driving the car in which Starnes was riding, collided with a tree, injuring Starnes.

The issue concerning the "rule of election" arises because Brown has expressly declined coverage under the insurance policy Cotton States issued to Upchurch. There is no dispute that, because he was using the car with Upchurch's permission, Brown would be entitled to coverage under the policy as an unnamed additional insured and that Brown has no liability insurance of his own. It would also appear that some other fund may have compensated Starnes for his injuries, but the issue of whether Starnes has a right of recovery against the defendants in his negligence action is not before us in this appeal.

In *Ericson v. Hill*, 109 Ga. App. 759 (1) (a) (137 SE2d 374) (1964), a case involving automobile liability insurance, the Court of Appeals set forth the "rule of election" for additional insureds. In *Ericson*, an action brought by the additional insured against the injured party, the court held that the settlement agreement the insurer had reached with the injured party bound the additional insured because the additional insured had elected coverage under the insured's policy. Id. at 762. The court reached this result after first determining that the additional insured was a third-party beneficiary to the contract between the insured and the insurer. Id. at 761.

Subsequent decisions of the Court of Appeals considering the "rule of election" by additional insureds have restated *Ericson*'s requirement that the election be express. E.g., *Hicks v. Continental Ins. Co.*, 146 Ga. App. 124 (245 SE2d 482) (1978). These later decisions did, however, also find exceptions to this requirement. E.g., *Leventhal v. American Bankers Ins. Co. of Fla.*, 159 Ga. App. 104 (283 SE2d 3) (1981).[1] In *State Farm Mut. Auto. Ins. Co. v. Herrick*, 166 Ga. App. 90, 91-92 (303 SE2d 304) (1983), the Court of Appeals for the first time addressed even briefly the effect of the General Assembly's passage of mandatory automobile liability insurance on the "rule of election" by additional insureds. The *Herrick* court determined that despite the General Assembly's action, the third-party "insured's right

---

[1] Although *Leventhal* is not a case involving automobile liability insurance, it does address the issue of the "rule of election" by additional insureds as it applies generally to other insurance contracts.

of election remains inviolate." Id. at 92. The decisions of this Court construing OCGA § 33-34-4 require a different result.

In *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 337 (329 SE2d 136) (1985), the Court briefly set forth the policy considerations of Georgia's automobile insurance laws. The Court noted that prior to the General Assembly's enactment of the Motor Vehicle Accident Reparations Act, 1974 Ga. L. 113 (codified as amended at OCGA §§ 33-34-1 to -17), liability insurance and uninsured motorist protection were "for the benefit of the insured, not the driver of a vehicle struck by the insured." 254 Ga. at 337. This was the prevailing public policy at the time the Court of Appeals decided *Ericson*, 109 Ga. App. at 759, in 1964.

The *Neese* court went on to note that after 1974, "liability insurance was required by law not only for the benefit of the insured but to ensure compensation for innocent victims of negligent motorists." 254 Ga. at 337; see also id. at 343-44 (Smith, J., dissenting). The General Assembly's passage of mandatory automobile liability insurance makes clear that public policy is no longer merely concerned with the right of an individual to elect whether to seek the benefits of an insurance policy. Instead, it is *also* concerned with providing adequate resources with which to compensate victims of automobile accidents, a new class of beneficiaries to automobile liability insurance contracts.

It is in light of the public policy since 1974 that we must frame the rule of law concerning the "rule of election" as it applies to automobile liability insurance. Because, as this Court noted in *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 694 (353 SE2d 186) (1987), the General Assembly envisioned that a liability policy other than one issued to the owner of the vehicle may also cover the accident, public policy and the "rule of election" do not conflict if the operator of the vehicle is still covered under a liability insurance policy even if he expressly elects not to seek coverage under the owner's policy; however, if the operator of the vehicle has access to only one source of liability coverage, the operator cannot refuse to elect the coverage so as to defeat public policy.

Cotton States raises several strong arguments against a change in the "rule of election" by additional insureds. The principal argument is that Cotton States and Brown are being forced into a contractual relationship despite their mutual desire to the contrary. While this argument might be persuasive when dealing with contracts in general, the operation of insurance law occasionally requires parties to enter into relationships that are contractual in nature. E.g., OCGA § 40-9-100 (Assigned risk plan). Therefore, the argument is not persuasive in this context.

Although apparently not present in this case, Cotton States also argues that an additional insured may decide not to cooperate with

the insurer or the attorney when the additional insured does not want the coverage. OCGA § 40-9-103 sets forth that the contract of insurance must contain some provision requiring the insured to provide certain notice and to cooperate in the defense. This code section protects the insurer from prejudicial actions of the additional insured because once the additional insured is covered by a policy, the contractual restrictions are as binding as they would be for any other third-party beneficiary. *Ericson*, 109 Ga. App. at 762.[2]

Finally, Cotton States argues there is no need for Brown to have liability insurance because state law requires uninsured motorist coverage. This argument is without merit for two reasons: 1) State law does not require a motorist to purchase uninsured motorist coverage, OCGA § 33-7-11 (a) (3); and 2) The policy behind uninsured motorist coverage is to protect the insured's assets, not the public. *Neese*, 254 Ga. at 337.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 1990.

*Willis, McKenzie & Long, Ray McKenzie, James E. Boswell,* for appellant.
*Word & Flinn, Gerald P. Word, Alan W. Connell, R. Michael Key,* for appellee.

[2] Mandatory liability insurance in this instance has the effect of creating two classes of third-party beneficiaries: additional insureds and the public.