A90A0579. GINN et al. v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
(396 SE2d 582)

DEEN, Presiding Judge.
Defendants James and Jerry Ginn appeal the grant of State

Farm's motion for summary judgment.

State Farm brought an action for declaratory judgment against the two defendants, who were husband and son respectively of Polly Ginn, an insured under a State Farm automobile policy providing liability coverage. Under the terms of the policy defendants were also insureds. Among the provisions was a requirement of notice of accident or loss which read: "The insured must give us or one of our agents written notice of the accident or loss as soon as reasonably possible." It then specified details to be furnished. The policy also provided for immediate notification of a claim or suit against the insured.

State Farm contended it did not provide insurance coverage under the following factual situation. Jerry Ginn, out on a date, met a friend who had just acquired a 1976 Trans-Am. Jerry received permission to drive the automobile and he, his friend and their two dates proceeded on Highway 17 out of Royston toward Elberton. State Farm asserted below that Jerry and another driver engaged in a side-by-side race which ended when the other vehicle swerved from the left-hand (passing) lane to the right-hand lane in order to avoid an oncoming truck, lost control, swerved back into the left-hand lane and struck a second truck driven by James Hall. Jerry was charged with racing and driving without proof of insurance and it developed that the Trans-Am was uninsured. No actual physical contact between the other vehicles and the Trans-Am occurred. Defendants did not notify State Farm about the collision until almost two years later when Hall brought suit against them and the driver of the other vehicle.

State Farm alleged that the failure to notify it about the "accident or loss" violated the provisions of the policy and absolved it from liability and the obligation to defend the Ginns. After defensive pleadings were entered and affidavits and depositions were filed, State Farm moved for summary judgment on the ground that there were no genuine issues of material fact. By deposition and affidavit, Jerry Ginn denied that he was engaged in racing, explaining that the other automobile came alongside and stayed there until a truck approached; that he did not recognize the other driver as someone he knew until the other vehicle pulled beyond him.

When asked at deposition why the incident had not been reported, Jerry responded: "It wasn't my car, it wasn't my parents' car and we weren't involved in the wreck, so I didn't see a reason why we should." He reiterated the failure to report was that he felt he was not liable in the wreck and had no involvement. By affidavit Jerry stated that he did not report to State Farm because he was a witness to the collision and did not receive or cause any damage; that even if the automobile he was driving was actually involved in the collision he did not realize that his mother's insurance policy would cover the

Trans-Am. The Ginns were aware of the existence and whereabouts of the policy and thus, the court concluded, they were chargeable with knowledge of its terms. *Fields v. Goldstein*, 97 Ga. App. 286, 288 (3) (102 SE2d 921) (1958), aff'd 214 Ga. 277 (104 SE2d 337) (1958). See *Parris v. Pledger Ins. Agency*, 180 Ga. App. 437, 439 (2) (348 SE2d 924) (1986). Because the collision was not a "minor accident" but a serious one, both defendants were aware of the facts and circumstances, and there was a very long delay in notifying State Farm, the trial court determined that as a matter of law defendants failed to give notice as soon as reasonably possible. State Farm's motion was granted and judgment entered in its favor. *Held*:

In *Young v. Allstate Ins. Co.*, 248 Ga. 350, 352 (282 SE2d 115) (1981), which involved a defense of lack of notice of lawsuit, the Supreme Court emphasized that "[t]he comprehensive scheme for protection of third parties may not be thwarted by defenses which would be available vis-a-vis the insurer and the insured." The subsequent enactment of OCGA § 33-7-15 (b) re-established the lack of notice of lawsuit defense, provided the insurer could show prejudice. In *Starnes v. Cotton States Mut. Ins. Co.*, 194 Ga. App. 320 (390 SE2d 419) (1990), aff'd, *Cotton States Mut. Ins. Co. v. Starnes*, 260 Ga. 235 (392 SE2d 3) (1990), however, this court specifically held that the public policy holding in *Young v. Allstate Ins. Co.*, remained applicable with regard to the defense of lack of notice of accident. Concerning third parties, lack of notice of accident is not a viable defense available to an insurer, and considerations of excusable delay or prejudice are immaterial. This court's reference to *prejudice* and *notice of accident* in *Starnes* in distinguishing *Starnes* from a case involving lack of *notice of lawsuit* should not be read to suggest otherwise. Prejudice is applicable to the latter notice but not the former notice. *Rucker v. Allstate Ins. Co.*, 194 Ga. App. 407 (390 SE2d 642) (1990), erroneously allowed the defense of lack of notice of accident. Accordingly, the trial court in the instant case erred in granting summary judgment for State Farm.

*Judgment reversed. McMurray, P. J., Banke, P. J., Sognier, Pope and Cooper, JJ., concur. Carley, C. J., concurs in the judgment only. Birdsong and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent.

1. Generally, questions as to the sufficiency of the excuse offered and diligence in giving notice to the insurer are questions of fact for determination by a jury. *Erber v. INA*, 134 Ga. App. 632 (2) (215 SE2d 528) (1975). To ascertain what is reasonable diligence and a reasonable time for providing notification, the courts will examine the insured's explanation for the delay. See *Bituminous Cas. Corp. v. J.*

*B. Forrest &c.*, 132 Ga. App. 714, 719 (2) (209 SE2d 6) (1974), involving notice of the summons. Jerry Ginn's lack of knowledge regarding the policy's provisions as to the matter of coverage under undisputed facts is ignorance of the contents and thus not a viable excuse for failure to give notice. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 220 (2) (231 SE2d 245) (1976).

Our cases have recognized that the issue of whether the insured believes there was an accident or loss might remain for the jury. This would occur when there was a reasonable basis for the insured to conclude that the incident was so trivial or lacking in severity or that the possibility of liability was so implausible or specious that informing his insurance company was not required. See *Standard Guaranty Ins. Co. v. Carswell*, 192 Ga. App. 103, 104 (384 SE2d 213) (1989); *Southern Guaranty Ins. Co. v. Miller*, 183 Ga. App. 261 (358 SE2d 611) (1987); *State Farm &c. Ins. Co. v. Sloan*, 150 Ga. App. 464, 468 (4) (258 SE2d 146) (1979).

Here the collision was a serious one, defendants were made immediately aware of the fact they were considered to be involved in the incident despite no contact with other vehicles, Jerry was charged with a related offense, and yet they took no action for almost two years. This supported the decision that failure to give notice was, as a matter of law, inexcusable. See *Caldwell v. State Farm &c. Ins. Co.*, 192 Ga. App. 419, 420 (2) (385 SE2d 97) (1989); *International Indem. Co. v. Smith*, 178 Ga. App. 4 (342 SE2d 4) (1986); *Richmond*, supra; *Erber*, supra.

2. Next comes the issue of whether the decisions of *Starnes v. Cotton States Mut. Ins. Co.*, 194 Ga. App. 320 (390 SE2d 419) (1990), aff'd *Cotton States Mut. Ins. Co. v. Starnes*, 260 Ga. 235 (392 SE2d 3) (1990), and *Rucker v. Allstate Ins. Co.*, 194 Ga. App. 407 (390 SE2d 642) (1990), conflict. This issue was not covered by the trial court and not raised by defendants. It is addressed by State Farm in its supplemental brief. *Rucker* is closer to the facts here and should be followed. The special concurrence in *Rucker* was merely explanatory and did not detract from or dilute the agreement with the majority. Prejudice is a matter not germane to lack of notice of the accident or loss. See *Sloan*, supra at 466 (1). Compare OCGA § 33-7-15 (b).

If public policy on liability is to reject, for third party protection, the lack of notice of the incident defense, or if public policy is to require prejudice to be shown, the Supreme Court should so decide. See *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981). Precedent does not compel it.

I am authorized to state that Judge Birdsong joins in this dissent.

644

*Rodger E. Davison,* for appellants.
*Andrew J. Hill III,* for appellee.