A02A0337. COTTON STATES MUTUAL INSURANCE COMPANY
v. PHILLIPS et al.
(567 SE2d 719)

POPE, Presiding Judge.

Cotton States Mutual Insurance Company filed a declaratory judgment action to determine whether it had a duty to defend or to provide coverage on behalf of its policyholder, Charles J. Phillips, for an accident Phillips failed to report for nearly two years. Following the denial of its motion for summary judgment, we granted Cotton States' application for interlocutory appeal.

Most of the facts are undisputed. On September 4, 1998, Phillips was driving a pickup truck that belonged to P. Singletary, his employer. Alfred Gainer, a fellow employee, was riding in the back. As Phillips was driving across a field, Gainer was thrown out of the truck and injured. Phillips did not provide notice to Cotton States, his automobile insurance company, at the time of the accident.

Nearly two years later, on August 30, 2000, Gainer filed suit against Singletary and Phillips, and, afterward, Phillips gave notice of the accident to Cotton States. Cotton States then filed this declaratory judgment action against Gainer, Singletary and Phillips.

Cotton States sought to enforce the terms of its policy, which requires an insured to give notice within 60 days of an accident as a precondition to coverage. See *Manzi v. Cotton States Mut. Ins. Co.*, 243 Ga. App. 277 (531 SE2d 164) (2000) (physical precedent only). Part E of Section IV of Phillips' insurance policy with Cotton States

entitled "DUTIES AFTER AN ACCIDENT OR LOSS" provides as follows:

We must be notified promptly, but in no event later than 60 days, of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. Receipt of such notice by the company or any of its authorized agents shall be a condition precedent to the existence of any coverage under this policy and of the company's obligation to defend any claim under this policy.

It is undisputed that Phillips failed to notify Cotton States within 60 days and, in fact, did not do so until nearly two years after the accident occurred. Therefore, a mandatory precondition for coverage was not fulfilled. In *Manzi v. Cotton States*, this Court found this exact policy language to be enforceable against a policyholder seeking uninsured motorist coverage. Id. at 281. Nevertheless, due to a public policy of ensuring some recovery for injured third parties, the lack of notice exclusion is generally not enforceable against a third party injured by an insured who fails to notify his insurer. *Ginn v. State Farm &c. Ins. Co.*, 196 Ga. App. 640, 642 (396 SE2d 582) (1990). But when the injured third party has access to other insurance funds, the lack of notice exclusion is enforceable. *State Farm &c. Ins. Co. v. Drawdy*, 217 Ga. App. 236, 238 (2) (456 SE2d 745) (1995).

Cotton States asserts that here, as in *Drawdy*, other insurance is available to Gainer, the injured third party. See id. at 239 (2). Cotton States contends that it is undisputed that State Farm is defending Singletary and Phillips and providing coverage for Gainer's claims against them. Cotton States also contends that insurance coverage is available from Georgia Farm Bureau Mutual Insurance Company.

But the only evidence in the record that Gainer has access to other coverage is Cotton States' liberal construction of Phillips' testimony. Although Phillips deposed that State Farm was providing him a defense, when asked whether State Farm "has some insurance coverage out there covering this wreck," Phillips stated, "They belong [sic] to have. I don't know because all I know is [Singletary] is the one that keeps up with it." And the only testimony Phillips gave about Georgia Farm Bureau was that it insured Singletary's farm. We find no specific testimony about actual coverage. Neither State Farm's nor Georgia Farm Bureau's policy is in the record. There is no affidavit, pleading or other admissible evidence in the record to show that either insurer will cover any of Gainer's damages, or cover Phillips for his actions. Finally, unlike in *Drawdy*, there is no evidence that Gainer has uninsured motorist coverage.

Construing the evidence in favor of the nonmovant, *Larson v. Ga. Farm &c. Ins. Co.*, 238 Ga. App. 674 (520 SE2d 45) (1999), we hold that this evidence is insufficient to establish as a matter of law that Gainer had access to other insurance coverage as contemplated in *Drawdy*, and thus is insufficient to override the rule established in *Ginn v. State Farm &c. Ins. Co.* The trial court did not err by denying Cotton States' motion for summary judgment.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 21, 2002.

*Hall, Bloch, Garland & Meyer, John E. Hall IV, Jay C. Traynham*, for appellant.

*William V. Evans*, for appellees.

Charles J. Phillips, *pro se.*

Phillip C. Singletary, *pro se.*