A89A0784. STANDARD GUARANTY INSURANCE COMPANY v. CARSWELL et al.

(384 SE2d 213)

Beasley, Judge.

Standard Guaranty filed a petition for declaratory judgment seeking a determination as to whether it was required to provide coverage under a business auto liability policy issued to Carswell, d/b/a Kar Korner, insuring a 1972 wrecker.

On November 5, 1985, Carswell and Garner, an employee of Kar Korner, were attempting to repossess a van sold to Willingham by Kar Korner. According to Carswell, he hooked up the van to the wrecker while Garner talked with Willingham and nothing unusual happened when they towed the van away. Carswell gave another version of the incident in which he related that Willingham tried to hit him and that he got Willingham "off" and stood him against a wall.

A few days after the incident, assault and battery warrants for Carswell and Garner were issued on Willingham's complaint that they struck him with a moving vehicle. Carswell was served with a lawsuit by Willingham seeking damages for personal injuries on July 17, 1986, and gave notice of the incident to Standard Guaranty on July 28, 1986. Standard Guaranty entered into defense of that action under a reservation of rights.

The policy on the wrecker owned by the insured provided: "You must promptly notify us or our agent of any accident or loss. You must tell us how, when and where the accident or loss happened. You must assist in obtaining the names and addresses of any injured persons and witnesses." After defendants answered its declaratory judgment complaint, Standard Guaranty moved for summary judgment contending that as a matter of law defendants Carswell and Garner failed to comply with the policy requirement of prompt notice. The motion was denied and the case was tried. A jury returned a verdict for defendants.

Standard Guaranty appealed and assigns as its sole error the following instruction to the jury: "I charge you that if you find that the first [Carswell] and second [Garner] defendants did not give prompt notice to the plaintiff because they did not believe they were afforded

coverage for this incident, you are authorized to find in favor of the first and second defendants." Standard Guaranty contends that the charge is an incorrect statement of law because ignorance of coverage is not an excuse for failure to give prompt notification of the incident. At trial, objection also was made that the charge was not adjusted to the evidence but that assertion has not been pursued on appeal.

With regard to time limitations in insurance policies requiring a report of an incident, " '[t]he questions of the sufficiency of the excuse offered, and the diligence . . . in giving the notice . . . are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case.' " *Norfolk &c. Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 197 (2) (196 SE2d 167) (1973); *Erber v. Ins. Co. of North America*, 134 Ga. App. 632 (2) (215 SE2d 528) (1975).

Standard Guaranty points out that an insured in possession of his policy is chargeable with knowledge of its contents. See *Fields v. Goldstein*, 97 Ga. App. 286, 288 (3) (102 SE2d 921) (1958), affirmed 214 Ga. 277 (104 SE2d 337) (1958); *Parris v. Pledger Ins. Agency*, 180 Ga. App. 437, 439 (2) (348 SE2d 924) (1986). From this it argues that defendants are without justification or excuse, citing certain decisions. *Buffalo Ins. Co. v. Star Photo &c. Co.*, 120 Ga. App. 697 (3) (172 SE2d 159) (1969), found the fact the insured had lost or misplaced his policy was not an excuse for not complying with the policy terms. *Bituminous Cas. Corp. v. J. B. Forrest & Sons*, 132 Ga. App. 714 (209 SE2d 6) (1974), held that an insured did not show justification from the fact that he concluded he was free of fault and there was no liability to the other party. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976), held that eight months delay was held to be unreasonable as a matter of law. In *International Indem. Co. v. Smith*, 178 Ga. App. 4 (342 SE2d 4) (1986), illiteracy was not an excuse for failure to provide the notice required by the policy and a 52-month delay was unreasonable as a matter of law.

Nevertheless, the fact that an insured did not know the policy might afford coverage under a given factual situation may provide justification for the failure to give notice. In the instant case there was evidence that no notice was given because the insured believed there was no "accident or loss," that is, that the claim of Willingham was specious and manufactured. It is not that he did not know the contents of his policy. The merit of insured's claim of justification is not susceptible here to determination against him as a matter of law. *State Farm &c. Ins. Co. v. Sloan*, 150 Ga. App. 464, 466 (2) (258 SE2d 146) (1979).

Where there is a conflict in the evidence on the issue of insured's lack of knowledge of coverage, a jury must determine the question. *Sands v. Grain Dealers Mut. Ins. Co.*, 154 Ga. App. 720 (270 SE2d 8

(1980). See also *Southern Guaranty Ins. Co. v. Miller*, 183 Ga. App. 261 (358 SE2d 611) (1987). The language contained in the charge substantially sets forth the principle contained in *State Farm &c. Ins.*, supra at 468 (4) and *Sands*, supra at 721. It was not error.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1989.

*Glover & Blount, Percy J. Blount*, for appellant.

*Nixon, Yow, Waller & Capers, E. Freddie Sanders, John Claeys*, for appellees.