## A99A2395. NEWBERRY v. COTTON STATES MUTUAL INSURANCE COMPANY.

(531 SE2d 362)

ELLINGTON, Judge.

Cotton States Mutual Insurance Company was granted summary judgment on this declaratory judgment action against its insured, Labron Newberry. Newberry appeals on two grounds, that counsel for Cotton States should have been disqualified because an attorney-client relationship existed with Newberry and that summary judgment was improper because issues of fact remain as to whether Newberry's notice to Cotton States was timely.

In December 1996, Newberry and his wife attended a social function in Mississippi sponsored by her employer. During the party, Newberry became involved in a physical altercation with another guest which led to the underlying lawsuit. In November 1997, the guest filed an intentional tort claim naming Newberry as a defendant and served him with a copy of the complaint. It was not until after receipt of service that Newberry contacted a lawyer, who told him to notify his homeowner's insurance carrier, Cotton States, about the incident and the claim. Newberry's policy required him to provide Cotton States notice of an occurrence "as soon as practicable." On December 15, 1997, 17 days after he received service of the complaint, Newberry first notified Cotton States. Cotton States then hired counsel in Mississippi to represent Newberry in the underlying lawsuit. Cotton States also hired attorneys in Georgia to take sworn statements from Newberry and his wife in connection with its investigation concerning coverage for the claim. Prior to giving his sworn statement, Newberry signed a document entitled Bilateral Reservation of Rights and Nonwaiver Agreement acknowledging that Cotton States was conducting an investigation to determine whether coverage was afforded to him and authorizing Cotton States to undertake such an investigation without waiving its right to disclaim coverage. In its declaratory judgment action, Cotton States relied on information given in these statements and moved for summary judgment. The trial court granted the motion, and Newberry appeals.

1. Newberry argues that the trial court erred by not using the proper standard of law in determining whether an attorney-client relationship existed between Newberry and Cotton States' counsel in denying Newberry's motion to disqualify counsel. This argument is based on the assertion that Newberry believed that counsel for Cotton States represented him at the sworn statement. In its order granting summary judgment to Cotton States, the trial court stated,

Having reviewed the record, including the statements given by Mr. and Mrs. Newberry to counsel as well as the Reserva-

tion of Rights letter signed by Mr. Newberry, the Court can see no reason to believe that Mr. Newberry had a justifiable reason to conclude that Cotton States' counsel was in fact representing him.

The basic question in regard to the formation of the attorney-client relationship is whether it has been sufficiently established by the appellant that advice or assistance of the attorney is both sought and received in a matter pertinent to his profession. *Guillebeau v. Jenkins*, 182 Ga. App. 225, 229 (1) (355 SE2d 453) (1987). "An attorney-client relationship cannot be created unilaterally in the mind of the client: a reasonable belief is required." Id. at 231. In this case the evidence authorized the trial court in determining that there was no legal representation of Newberry by counsel for Cotton States. See generally *Huddleston v. State*, 259 Ga. 45 (1) (376 SE2d 683) (1989). "The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge." (Citations and punctuation omitted.) *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 574 (1) (377 SE2d 15) (1988). Newberry has not demonstrated an abuse of discretion in the trial court's refusal to disqualify counsel for Cotton States.

2. Newberry contends that the trial court erred in granting Cotton States' motion for summary judgment because an issue of fact exists as to whether Newberry's notice of a claim was given "as soon as practicable," as required by the insurance policy. It is undisputed that Newberry notified Cotton States about the claim 17 days after receipt of service of the underlying lawsuit, but 11 months after the actual occurrence of the incident that gives rise to the suit.

In their sworn statements, the Newberrys stated that they believed the plaintiff in the underlying suit was the type of person who is looking to sue someone and that they suspected she might file a claim on the incident. However, there is evidence that the Newberrys had actual knowledge that the plaintiff in the underlying lawsuit had filed a workers' compensation claim based on this incident and that she filed suit only after that claim was denied. Newberry stated that he believed that if a claim was filed, it would be handled through workers' compensation. Newberry was not required to foresee every possible claim, no matter how remote, that could have arisen from the incident. *Guaranty Nat. Ins. Co. v. Brock*, 222 Ga. App. 294, 295 (1) (474 SE2d 46) (1996). He was required only to act reasonably under the circumstances. As a general rule, limitations in insurance policies requiring the insured to report an incident "as soon as practicable" are subject to a factual determination. Id., citing *Norfolk &c. Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 198 (196 SE2d 167) (1973).

To further support his contention that his actions were reasonable, Newberry stated that he had no idea that his homeowner's insurance policy might afford coverage for an intentional tort that occurred at an office Christmas party hundreds of miles from his house. "[T]he fact that an insured did not know the policy might afford coverage under a given factual situation may provide justification for the failure to give notice." *Standard Guaranty Ins. Co. v. Carswell*, 192 Ga. App. 103, 104 (384 SE2d 213) (1989). "Where there is a conflict in the evidence on the issue of [the] insured's lack of knowledge of coverage, a jury must determine the question." Id. Accordingly, the trial court erred in granting summary judgment on this issue.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ruffin, J., concur.*

DECIDED MARCH 15, 2000.

*Shaw, Maddox, Graham, Monk & Boling, Daniel M. Roper*, for appellant.

*Chambers, Mabry, McClelland & Brooks, DeeAnn B. Waller*, for appellee.