[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11637
Non-Argument Calendar
_____

D.C. Docket No. 7:09-cv-00076-HL

STATE FARM FIRE AND CASUALTY COMPANY,

Plaintiff -
Counter Defendant-
Appellee,

versus

LLOYD J. LEBLANC, JR.,
EDNA G. LEBLANC,
PRODUCTOS MEXICANOS DON JOSE, INC.,
LEBANCS' LLC,
DIRECT SOURCE IMPORTS, INC.,
JEFF LEBLANC,
LLOYD LEBLANC, III,
MAXAM WHOLESALE OF GA INC.,

Defendants-
Counter Claimants-
Appellants,

B AND F SYSTEM INC.

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 22, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants appeal from the district court's grant of summary judgment to

State Farm Fire and Casualty Company in a declaratory judgment action.

I.

On December 6, 2007, B&F Systems filed an initial Complaint against

Appellants Lloyd J. LeBlanc, Jr., Jeff LeBlanc, and Lloyd LeBlanc, III, and their

businesses, Maxam Wholesale of Atlanta, Inc. and Direct Source Imports, Inc.,

alleging ten claims, including federal law claims for trademark infringement;

unfair competition; cyberpiracy; as well as state law claims for deceptive trade

practices; breach of contract; conversion; and interference with contractual and

business relations.  The LeBlancs retained counsel to defend the litigation.  They

had three insurance policies with State Farm, not all of which were in effect at the

2

time B&F Systems filed its complaint.  The LeBlancs contacted a State Farm agent about the B&F Systems lawsuit sometime in April 2008, when one of the LeBlancs inquired if their various insurance policies covered the litigation.[1]  The LeBlancs did not contact State Farm earlier because they did not realize they might have coverage under their policies.  State Farm hired defense counsel for the LeBlancs beginning on June 12, 2008, just weeks after it was notified of the lawsuit.  State Farm gave this defense subject to a reservation of its rights under the insurance policies, which the LeBlancs accepted.

On March 19, 2010, B&F Systems filed an Amended Complaint against the LeBlancs and their businesses, adding more defendants and asserting new causes of action.[2]  The LeBlancs assert, and State Farm does not dispute, that State Farm received immediate notice of the Amended Complaint.  State Farm defended all defendants named by B&F Systems in the Amended Complaint.  The case went to trial, and the jury returned a verdict against the LeBlanc defendants, with the

---

[1]  The date of initial contact is disputed by the parties.  Lloyd LeBlanc, III testified in his deposition that the date of initial contact was sometime in April 2008.  His affidavit says that he contacted the office of his local agent on or about May 10, 2008.  State Farm disputes both dates and says that the date of notice was May 14, 2008.  On summary judgment, we construe the evidence in favor of the non-moving party.  Schwarz v. City of Treasure Island, 544 F.3d 1201, 1211 (11th Cir. 2008).

[2]  The new causes of action included state law claims for trade dress infringement, defamation, misappropriation of trade secrets, breach of license agreement, common enterprise and disregard of the corporate entity.

3

exception of LeBlanc, LLC, in February 2012.

As mentioned, the LeBlancs had three insurance policies with State Farm. There was a business policy for Maxam Wholesale of GA (Maxam policy), effective from May 2007 to May 2008; a business policy for Direct Source Imports (DSI policy), effective from February 2008 to February 2009; and a personal umbrella policy for Lloyd LeBlanc, Jr., effective from July 2006 to July 2007. Each of the policies included a duty to defend and indemnify in the event of legal action against the policy holder, subject to various restrictions and requirements.

The Maxam policy, under the section, "General Conditions," and the subsection, "Duties in the Event of Occurrence, Claim or Suit," provided:

> If a claim is made or suit is brought against any insured, you must see to it that we receive prompt written notice of the claim or suit.

The DSI Policy contained an identical notice provision. The personal umbrella policy also contained a provision under the section, "Your Duties to Us," which stated in relevant part:

> These are the things you must do for us. We may not provide coverage if you refuse to:
> . . . .
> notify us of a claim or suit. If a claim or suit is filed against you, notify your underlying insurer and us right away. You must send us every demand, notice summons or other process you receive.

4

II.

On June 16, 2009, State Farm filed suit against the LeBlancs and B&F Systems, seeking a declaratory judgment that it had no duty to defend or indemnify the LeBlancs or their businesses under the insurance policies. The LeBlancs filed a counterclaim for failing to defend them following the initial filing of the B&F Systems liability action.

On March 1, 2012, the district court granted summary judgment in favor State Farm. It ruled that the LeBlancs violated the notice provisions on the Maxam policy and the personal umbrella policy by waiting five months to notify State Farm of the B&F Systems lawsuit. Because the court read the provisions to be conditions precedent to coverage, it held that State Farm had no duty to defend or indemnify under the circumstances. The court also ruled that timely notice on the Amended Complaint did not satisfy the notice provisions on the insurance policies. For the DSI policy, the court noted that the policy was in effect only from February 2008 until February 2009. It ruled that the policy did not cover occurrences outside of the effective dates of the policy, thereby excluding coverage for the B&F Systems lawsuit filed in December 2007. By this ruling, the Court granted summary judgment to State Farm on its declaratory judgment

5

action, and dismissed the LeBlancs' counterclaim.  The LeBlancs appealed.

## III.

We review a district court's grant of summary judgment <u>de novo</u>, construing all facts in favor of the non-moving party.  <u>Schwarz v. City of Treasure Island</u>, 544 F.3d 1201, 1211 (11th Cir. 2008).  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  We review <u>de novo</u> a district court's interpretation of an insurance contract.  <u>Alea London Ltd. v. Am. Home Servs., Inc.</u>, 638 F.3d 768, 773 n.7 (11th Cir. 2011).

## IV.

The LeBlancs raise a number of issues on appeal.  We address each argument in turn.

A.    Notice Provisions as Conditions Precedent

The LeBlancs argue that the notice provisions here are not conditions precedent to coverage, and therefore, the district court erred in failing to consider whether State Farm was prejudiced by the delay in notifying the company of the lawsuit.  State Farm argues that the LeBlancs waived this argument by failing to present it in the district court.  The LeBlancs state that, by arguing State Farm was not prejudiced by the delay in the district court, they implicitly challenged whether

the notice provisions were conditions precedent, because prejudice is only a factor when a notice provision is not a condition precedent to coverage.

We need not decide the waiver issue because we believe the notice provisions are clearly conditions precedent to coverage. Under Georgia law,

> a notice provision in an insurance policy is not considered a condition precedent unless it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights <u>or uses language which otherwise clearly expresses the intention</u> that the notice provision be treated as a condition precedent.

Res. Life Ins. Co. v. Buckner, 698 S.E.2d 19, 27 (Ga. Ct. App. 2010) (quotation marks and alterations omitted) (emphasis added). The LeBlancs assert that because the words "condition precedent" do not appear in any of the notice provisions, and because the notice provisions do not otherwise clearly express the parties' intent to treat the provisions as such, the policies are not conditions precedent. We disagree.

As to the Maxam policy and the DSI policy, we are aware that Georgia courts have treated similar mandatory language—"you must see to it"—without more, as conditions precedent. See, e.g., Forshee v. Emp'rs Mut. Cas. Co., 711 S.E.2d 28, 30–31 (Ga. Ct. App. 2011); Kay-Lex Co. v. Essex Ins. Co., 649 S.E.2d 602, 606–07 (Ga. Ct. App. 2007). Beyond that, the notice provisions appear under sections entitled, "General Conditions," and a subsection entitled, "Duties

7

in the Event of . . . Claim or Suit." This language clearly expresses the intention that the notice provisions be treated as conditions precedent to coverage.

In considering the personal umbrella policy, we are aware that conditions precedent may also be created by using conditional language, such as "if," "provided," or "on condition that." Hall v. Ross, 616 S.E.2d 145, 147 (Ga. Ct. App. 2005). The personal umbrella policy informed the LeBlancs that "[w]e may not provide coverage if you refuse to" provide adequate notice. We read this language to render State Farm's duties to the LeBlancs sufficiently conditional that the notice provision in the personal umbrella policy is a condition precedent to coverage.

There is no requirement under Georgia law that State Farm show it was prejudiced by the LeBlancs' alleged failure to give timely notice. See Caldwell v. State Farm Fire & Cas. Ins. Co., 385 S.E.2d 97, 99 (Ga. Ct. App. 1989); see also Se. Express Sys., Inc. v. S. Guar. Ins. Co. of Ga., 482 S.E.2d 433, 436 (Ga. Ct. App. 1997). Therefore, we cannot agree with the LeBlancs that the district court erred in failing to consider whether State Farm was prejudiced by their delay in giving notice.

B.    Immediacy Requirement

The Maxam and DSI policies required "prompt" notice of a lawsuit, and

8

the personal umbrella policy required that the LeBlancs notify it of a lawsuit "right away." The LeBlancs argue that the district court erred in construing the purportedly vague notice provisions to require immediate notification, in contravention of Georgia law. See Barret v. Nat. Union Fire Ins. Co. of Pittsburgh, 696 S.E.2d 326, 331 (Ga. Ct. App. 2010) (stating that insurance policies are to be liberally construed in favor of coverage). However, we do not find these terms to be vague. Georgia precedent shows that "prompt" has the same meaning as terms like "as soon as practicable" and "immediate." Advocate Networks, LLC v. Hartford Fire Ins. Co., 674 S.E.2d 617, 620 (Ga. Ct. App. 2009); Burkett v. Liberty Mut. Fire Ins. Co., 629 S.E.2d 558, 560 (Ga. Ct. App. 2006); see also Roberson v. Weaver, 89 S.E. 769, 773 (Ga. 1916) ("The phrases 'immediate notice,' 'notice forthwith,' 'as soon as possible,' 'as soon as practicable,' used in policies of guaranty insurance providing that notices of loss shall be given to the insurer . . . hav[e] practically the same meaning . . . ." (quotation marks omitted)). We further note that "prompt," when used as an adjective, denotes "responding instantly," or "immediately." Merriam-Webster's Third New International Dictionary Unabridged 1816 (1976). Therefore, we find no basis to draw a material distinction between notice provisions requiring "prompt" notice or "immediate" notice. In the same vein, we see no reason to

9

give "right away," as used in the personal umbrella policy, a materially different meaning than "immediate." Therefore, we find no error by the district court in construing the policies to require immediate notice of any legal claim.

C.    Issues of Material Fact

The LeBlancs argue that whether the notice they provided to State Farm was "prompt," "right away," or "immediate" were issues of fact for a jury to resolve.

The LeBlancs are correct that there is a dispute of fact about when State Farm received actual notice of the B&F Systems lawsuit. They point us to evidence indicating that State Farm received notice in April 2008. State Farm alleges that notice was received in May 2008. The district court therefore erred when it construed the facts in favor of State Farm as to the date of notification. See Schwarz, 544 F.3d at 1211.

Under these facts, the LeBlancs seek to present their case to a jury to determine whether the four-month delay from December 2007 to April 2008 was reasonable. In support of this argument, the LeBlancs cite Sawhorse, Inc. v. Southern Guaranty Insurance Co. of Georgia, 604 S.E.2d 541, 546–47 (Ga. Ct. App. 2004), in which a six-month delay was held to create an issue of fact for the jury. However, Sawhorse is readily distinguishable. There the insured party

10

failed to send the insurance company papers in connection with a counterclaim until six months after the claim was filed, but it had previously notified the insurer of the claim and requested coverage for any damages arising out of the pending lawsuit.  Id.

Here, the LeBlancs did not notify State Farm of B&F Systems' first Complaint for four months.  While the LeBlancs argue that Georgia courts have allowed the jury to decide the reasonableness of lengthier delays, those cases are different because they considered the delay between the date of the incident giving rise to the lawsuit (as opposed to the date on which the lawsuit was filed) and the date of notice.  More importantly, the insured parties in those cases offered viable excuses under Georgia law for their delay in providing notice.  See JNJ Found. Specialists, Inc. v. D.R. Horton, Inc., 717 S.E.2d 219, 225–26 (Ga. Ct. App. 2011) (holding that delay was not unreasonable as a matter of law where insured was unaware of incident giving rise to lawsuit, but notified insurance company within three months of the filing of the lawsuit); Newberry v. Cotton States Mut. Ins. Co., 531 S.E.2d 362, 363–64 (Ga. Ct. App. 2000) (holding that delay from incident to notice was not unreasonable as a matter of law where insured believed that injured party would seek workers' compensation instead of file suit); S. Guar. Ins. Co. v. Miller, 358 S.E.2d 611, 612 (Ga. Ct. App. 1987)

11

(holding that fourteen-month delay from incident to notice was not unreasonable where insured party thought incident giving rise to litigation was trivial).

Here, State Farm argues that the delay from the filing of the original Complaint to the date of notice was unreasonable. Georgia courts have held that a delay of as little as three months between the filing of a lawsuit and notice to the insurer is unreasonable as a matter of law. See Diggs v. S. Ins. Co., 321 S.E.2d 792, 793 (Ga. Ct. App. 1984). Therefore, the LeBlancs' four-month delay is unreasonable under Georgia law, absent a valid excuse. The LeBlancs' only justification for the delay—ignorance of the contents of the policy—has been roundly rejected by Georgia courts. As the district court noted, Georgia law "requires more than just ignorance" to avoid the enforcement of a notice provision. Allstate Ins. Co. v. Walker, 562 S.E.2d 267, 268 (Ga. Ct. App. 2002) (rejecting insured's mere ignorance of contents of policy as viable excuse for failing to comply with notice provision). In the cases cited by the LeBlancs, the insured parties offered excuses that involved something more than mere ignorance, such as a reasonable belief that the underlying incident would not give rise to a claim against the insured, or a reasonable belief that the underlying allegation was entirely baseless. See, e.g., Newberry, 531 S.E.2d at 363–64; Standard Guar. Ins. Co. v. Carswell, 384 S.E.2d 213, 215 (Ga. Ct. App. 1989)

12

("In the instant case there was evidence that no notice was given because the insured believed . . . [the allegation] was specious and manufactured.  It is not that he did not know the contents of his policy." (emphasis added)).  Because the LeBlancs justify their four-month delay only by referencing their lack of knowledge of the contents of the policy, we agree with the district court's ruling that notice on the initial Complaint was unreasonable as a matter of law.

D.    Immediacy Requirement in Seeking Declaratory Relief

Under Georgia law, when an insurer defends an insured party against a claim, in order to avoid estoppel, it must give notice of its reservation of rights to deny coverage; take steps to avoid default on the claim; and immediately seek declaratory relief as to its obligations under the contract.  Richmond v. Ga. Farm Bureau Mut. Ins. Co., 231 S.E.2d 245, 248 (Ga. Ct. App. 1976).  However, the insurer is not obligated to immediately file an action for declaratory relief if the insured party does not object to the reservation of rights.  Kay-Lex, 649 S.E.2d at 608–09.

The LeBlancs concede here that they accepted State Farm's reservation of rights.  Nevertheless, they argue that the district court erred in applying an incongruously lenient immediacy standard to State Farm's thirteen-month delay in filing its action for declaratory relief, when compared to the stringent

13

immediacy standard the Court applied to their notice obligations.  The problem

with this argument is that the district court correctly applied Georgia law, which

does not impose an immediacy requirement where the insured party fails to object

to the reservation of rights.  Id.

E.    Timely Notice of the Underlying Occurrence

State Farm argues for the first time on appeal that summary judgment is

also appropriate because the LeBlancs failed to provide timely notice of the

occurrence that gave rise to the litigation—a May 2007 cease and desist letter

from B&F Systems.  Although we may affirm a judgment on any legal ground

supported in the record, Lanfear v. Home Depot, Inc., 679 F.3d 1267, 1275 (11th

Cir. 2012), we may also exercise our discretion to decline to do so when appellate

review would benefit from additional proceedings in the district court.  See, e.g.,

Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp., 604 F.3d 1291, 1307

n.15 (11th Cir. 2010); La Grasta v. First Union Secs., Inc., 358 F.3d 840, 851

(11th Cir. 2004).  It is not apparent to us, and the parties cite to no record

evidence to resolve, whether the cease and desist letter triggered the LeBlancs'

obligation to notify State Farm of an occurrence under the policy.  See State Farm

& Cas. Co. v. Walnut Ave. Partners, LLC, 675 S.E.2d 534, 539 (Ga. Ct. App.

2009); Newberry, 531 S.E.2d at 364.  For at least this reason, this issue is not

14

sufficiently developed in the record or on appeal to decide it in the first instance.

F.    DSI Policy Coverage

The DSI policy took effect on February 14, 2008, roughly two months after the B&F Systems lawsuit was filed.  The district court ruled that because the DSI policy specifically states it only covers occurrences within the policy period, State Farm had no duty to defend or indemnify under the DSI policy.  The LeBlancs argue for the first time on appeal that the DSI policy provides coverage because the Amended Complaint alleged damages for conduct that occurred during the coverage period.  Because the LeBlancs raise this argument for the first time on appeal, we decline to consider it.  Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1249.  This being the case, we affirm the district court's grant of summary judgment as to the DSI policy.

G.    Amended Complaint

The LeBlancs argue that the district court erred in ruling that they failed to give timely notice under the insurance policies for the B&F Systems' Amended Complaint.  The district court rejected the notion that timely notice for the claims in the Amended Complaint satisfied the notice provisions in the policies as to those claims.

The LeBlancs argue that Georgia courts have held insurance companies are

15

obligated to provide coverage to claims arising from an amended complaint, even where the claims in the initial complaint were not covered.  See Nationwide Mut. Fire Ins. Co. v. Kim, 669 S.E.2d 517, 551–52 (Ga. Ct. Ap. 2008).  From this, the LeBlancs argue that because B&F Systems asserted new claims and added new parties in its Amended Complaint, we should examine the timeliness of the notice given for the Amended Complaint independently of the initial Complaint.  We find this argument persuasive.  Georgia courts, in determining whether notice was timely under an insurance policy, do not require parties to predict all types of claims that might arise.  See Newberry, 531 S.E.2d at 363–64; Carswell, 384 S.E.2d at 214–15.  If insured parties do not have an obligation to predict all future claims for the purposes of notice provisions, it follows we must separately analyze the timeliness of notice for each claim asserted.

State Farm only argues that notice of the Amended Complaint was untimely because notice for the initial Complaint was untimely.  It does not argue that notice as to the Amended Complaint, in and of itself, was untimely.  In effect, State Farm asks us to adopt a blanket rule that if notice on an initial complaint is untimely, then notice on an amended version of that complaint is also untimely,

16

even if the amended version alleges new and unforeseeable claims.[3]  State Farm cites to no authority for this rule.  Therefore, we reverse summary judgment for the claims added in the Amended Complaint.

## V.

We affirm the district court's ruling on the DSI policy.  For the Maxam and personal umbrella policies, we reverse the grant of summary judgment on the new claims added in the Amended Complaint and remand for further proceedings, insofar as notice on those claims was not untimely as a matter of law.  We also reinstate the LeBlancs' counterclaim as it applies to the new claims in the Amended Complaint.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

[3]  We can imagine a complaint that alleges claims entirely unrelated to the insurance policy, and an amended complaint that asserts new claims which fall squarely within the policy's terms of coverage.  Under this scenario, we cannot say Georgia law mandates that the failure to notify the insurer of the initial complaint would bar coverage of the later claims if notice were properly given.

17