**FIFTH DIVISION
MCFADDEN, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 20, 2025**

# In the Court of Appeals of Georgia

A25A0259. PATTERSON v. UNITED SERVICES AUTOMOBILE ASSOCIATION.

HODGES, Judge.

After Dennis Malcolm Patterson was struck by an automobile while crossing the street, he sued the driver who hit him and sought uninsured/underinsured motorist coverage from his own insurer, United Services Automobile Association ("USAA"). USAA filed a motion to dismiss, arguing that Patterson failed to comply with the policy provision requiring prompt notification. Following a hearing, the trial court granted the motion. We granted Patterson's interlocutory appeal, in which he argues that a jury issue exists regarding whether he "promptly" notified USAA of the collision under the notice provisions of the policy and in whether the delay in notification was justified. For the reasons that follow, we affirm.

Before we address the merits of Patterson's argument, we must determine the proper standard of review. The standard of review for a trial court's order on a motion to dismiss for failure to state a claim is de novo. See *Tavistock Freebirds v. Coca-Cola Co.*, 366 Ga. App. 443 (883 SE2d 388) (2023). When a trial court considers a motion to dismiss, it may only consider exhibits "attached to and incorporated into the complaint and answer[;]" consideration of matters outside the pleadings converts the motion to one for summary judgment. *Minnifield v. Wells Fargo Bank*, 331 Ga. App. 512, 514 (2) (771 SE2d 188) (2015); OCGA § 9-11-12 (b). "If no such matters are presented, then the motion is treated as a motion for dismissal. If such matters outside the pleadings have been presented, a further determination has to be made as to whether the trial court excluded them." (Citation and punctuation omitted.) *Hines Interests Ltd. Partnership v. Wright*, 369 Ga. App. 174, 176 (892 SE2d 808) (2023).

In this case, after USAA moved to dismiss, Patterson filed a response that relied on matters outside the pleadings and attached various exhibits, including the policy at issue here. The trial court's order recites that in rendering its decision, it considered the "motion, briefs, *file*, arguments of counsel, and applicable law[.]" (Emphasis supplied.) Although the trial court's order indicates that it was ruling on

the motion to dismiss, it explicitly considered the "file[,]" which we conclude meant the exhibits and insurance policy Patterson submitted. As a result, we treat the court's order as a denial of summary judgment. In doing so, we note that USAA raised no objection to the exhibits below and indeed based argument in its reply on the provisions of the insurance policy Patterson provided. Further, USAA raises no objection to the consideration of these exhibits on appeal, indicating its acquiescence to Patterson's submission of evidence in response to the motion to dismiss. See *Wright*, 369 Ga. App. at 177. Thus, our standard of review is:

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant or denial of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *City of Atlanta v. Burgos*, 361 Ga. App. 490, 491 (864 SE2d 670) (2021).

So viewed, Patterson alleges that he was injured on May 17, 2019, when a car driven by Abhay Kumar Singh ran a stop sign and hit him as he was walking across Laurel Springs Parkway in Forsyth, Georgia. Patterson hired an attorney on February

17, 2021, and on March 5, 2021, that attorney forwarded the police report to a USAA adjuster. The trial court found that Singh's insurer, Geico Insurance Company, tendered the policy limit of $25,000 on March 8, 2021. That same day, Patterson's counsel sent a representation letter to USAA. USAA denied coverage. Patterson sued, averring in his complaint that he had sustained serious injuries and incurred medical bills in excess of $200,000.[1] USAA moved to dismiss, contending that Patterson had failed to comply with the policy's provisions requiring prompt notice and, as a result, the uninsured/underinsured (hereinafter "UM") coverage did not apply.[2]

The trial court found that the policy provision requiring insureds to notify the insurer "promptly of how, when, and where an accident or loss happened" was a condition precedent to coverage,[3] and that Patterson's 21-month delay in notifying USAA meant that he failed "as a matter of law" to provide prompt notice. The trial court also determined that Patterson's "ignorance of the fact that a pedestrian can

---

[1] At the hearing on the motion to dismiss, Patterson's counsel stated that Patterson's medical bills were in excess of $300,000.

[2] See *FCCI Ins. Co. v. McLendon Enterprises*, 297 Ga. 136, 137, n. 2 (772 SE2d 651) (2015) (finding that the statutory characterization of both uninsured and underinsured motorists is "'uninsured'" and citing OCGA § 33-7-11 (b) (1) (D) (ii)).

[3] Patterson does not appeal this finding by the trial court.

benefit from his own uninsured motorist coverage is not an excuse that creates a jury issue." This appeal ensued.

Patterson argues that the trial court erred in granting summary judgment to USAA because a jury issue existed as to whether he promptly notified USAA under the policy, which he contends is ambiguous. Our examination will look both at the wording of the policy and at whether Patterson offered a reasonable excuse for his delay in notification. We find no error.

"Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms." (Citation and punctuation omitted.) *Silva v. Liberty Mut. Fire Ins. Co.*, 344 Ga. App. 81, 84 (1) (808 SE2d 886) (2017); accord *Lankford v. State Farm Mut. Automobile Ins. Co.*, 307 Ga. App. 12, 13 (703 SE2d 436) (2010); OCGA § 13-2-1.

Patterson's USAA insurance policy provides:

DUTIES AFTER AN ACCIDENT OR LOSS: We will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

. . . We must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

The policy also states: "No legal action may be brought against us until there has been full compliance with all the terms of this policy."[4]

[A] notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification. Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, then the insurer is not obligated to provide either a defense or coverage. Thus, failure to provide the requisite notice could result in a forfeiture under the policy.

(Citation, punctuation, and footnote omitted.) *Lankford*, 307 Ga. App. at 14. "[W]hether notice is timely and meets the policy provisions is usually a question of fact for the jury. Unexcused significant delay, however, may be unreasonable as a

---

[4] Patterson does not argue that the trial court erred in finding the policy language regarding prompt notification created a condition precedent. See *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 726-727 (1) (698 SE2d 19) (2010) ("As a general rule, a notice provision in an insurance policy is not considered a condition precedent unless it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent.") (citation and punctuation omitted).

matter of law." (Citations and punctuation omitted.) *Advocate Networks v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (1), 341 (2) (674 SE2d 617) (2009) (finding as a matter of law that four-month delay in notifying insurer obviated coverage where policy required notice of claim or lawsuit "as soon as practicable" and forwarding of legal papers "immediately[,]" both of which "unambiguously require[d] . . . prompt notice" to insurer); *Burkett v. Liberty Mut. Fire Ins. Co.*, 278 Ga. App. 681, 683 (a) (629 SE2d 558) (2006) (finding a more than one-year delay in providing legal papers to insurer unreasonable as a matter of law where policy required such papers to be sent "promptly" when suit was filed). We recognize that, as here, "[i]n cases in which a policy's notice provision gives no specific time frame, there is no bright-line rule on how much delay is too much." *Progressive Mountain Ins. Co. v. Bishop*, 338 Ga. App. 115, 119 (2) (790 SE2d 91) (2016).

Applying these principles, we held in *Silva*, 344 Ga. App. at 85-86 (1), that where an insured waited four years and seven months after the automobile accident and 18 months after filing a renewal suit to provide notice to Liberty Mutual, she "failed as a matter of law to provide 'prompt' notice of the collision and lawsuit . . . as required for coverage under the terms of her insurance policy." The insurance

policy in *Silva* involved identical pertinent language to that at issue here, providing that the insurer "'must be notified promptly of how, when and where the accident or loss happened.'" Id. at 82.

Patterson argues that the trial court erred in finding that his 21-month delay was not prompt notification as a matter of law because whether his reason for the delay was justified is a fact question for a jury to decide. We disagree.

> An insured may be able to present justification for delay in giving notice, and whether that justification was sufficient is generally a fact-based inquiry for a jury. Nevertheless, the facts and circumstances of a particular case may render an insured's delay in giving notice of an occurrence to his insurer unjustified and unreasonable as a matter of law.

(Citation and punctuation omitted.) *Bishop*, 338 Ga. App. at 118-119 (2).

Our law is replete with cases finding that an insured's reasons for delay are unreasonable as a matter of law. Patterson's appeal falls into this category. He offered this rationale for not reporting the accident sooner: "Mr. Patterson was unaware his U.S.A.A. underinsured motorist coverage would apply to him until he consulted with his attorneys." However, our appellate courts have held that mere ignorance of coverage, without other justification for delay, presents no jury question. *Owens v.*

*Progressive Premier Ins. Co. of Illinois*, 365 Ga. App. 236, 237 (878 SE2d 101) (2022) (finding justification rationale unreasonable as a matter of law where policy provided that "the person seeking coverage must promptly report each accident or loss[,]" and plaintiff's only excuse for waiting one year and one day to report the accident was ignorance that his sister's policy might cover him as a resident relative); *Allstate Ins. Co. v. Walker*, 254 Ga. App. 315, 316 (1) (562 SE2d 267) (2002) (finding no jury question where policy required notice "as soon as possible," and insureds asserted only that they "did not know their policy might afford coverage for [car] theft"); *Townsend v. Nat. Union Fire Ins. Co.*, 196 Ga. App. 789 (397 SE2d 61) (1990) (finding notification untimely as a matter of law where insured's only excuse was lack of knowledge of coverage and identity of insurer); see *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987) (finding 17-month delay unreasonable as a matter of law because "[t]he law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract") (citation and punctuation omitted).

In fact, in two cases involving language from insurance policies that is identical to that at issue in this case, this Court found that insureds' notification delays were

unexcused as a matter of law where the insureds did not realize the policy offered coverage. *Silva*, 344 Ga. App. at 82, 86 (1) (finding four-year lag in notification unreasonable where plaintiff's only excuse "was that her counsel was unaware that [she] would need to utilize her UM coverage until later learning that [her] losses exceeded the coverage still available under [the other driver's] liability policy"); *Golder v. United Svcs. Automobile Assn.*, 177 Ga. App. 194, 195 (1) (338 SE2d 771) (1985) (finding 12-month delay in notifying USAA of accident and 21-month delay in notifying it of a connection to a specific policy did not require jury resolution because it was "immaterial" that insured's reason for not complying with prompt notification requirement was his "hope or impression that another insurance company would be liable for this claim . . . [insured] clearly failed to comply with a condition precedent to coverage") (citation and punctuation omitted).

Patterson contends, however, that he provided a rationale in addition to his lack of knowledge about his policy's coverage. He argues that the scope of potential coverage was unclear to him, as a layperson, because the policy language is unclear regarding the definition of a "covered person." He cites *Eells v. State Farm Mut. Auto. Ins. Co.*, 324 Ga. App. 901, 905 (1) (c) (752 SE2d 70) (2013), in which we remanded

a case for the trial court to consider, in the first instance, whether language in the UM portion of an insurance policy was ambiguous, and, if so, for a determination of whether that ambiguity presented a jury question regarding whether the insured's delay in notifying the insurer was justified. In that case, we recited the well-settled legal maxim that "an insurance policy must be read from the point of view of a layperson, rather than an insurance expert or attorney." Id. *Eells* also provides, however, that "an insured is chargeable with awareness of the insurance coverage [he] solicited[.]" (Citation and punctuation omitted.) Id.

Patterson specifically argued that the policy language itself justified his ignorance and, thus, his delay, because *"[e]ven if [Patterson] had consulted the policy at the time of the accident*, it would not appear to a layperson that he would be covered for UM claims since he was a pedestrian in the accident and not in a vehicle." (Emphasis supplied.)

If, however, as here, an insured does not read or otherwise make himself aware of the policy provisions, we conclude that any ambiguity *in the unread policy* cannot have been a reason for his delay in providing prompt notification. It is well settled that "[t]he general rule is that an insured has an obligation to read and examine his

insurance policy to determine the nature of the coverage therein." (Citation and punctuation omitted.) *Jones v. Ga. Farm Bureau Mut. Ins. Co.*, 367 Ga. App. 35, 44 (1), n. 46 (885 SE2d 13) (2023). "As we have explained before, it is the nature and circumstances of 'the accident' or 'the incident' and the *immediate conclusions an ordinarily prudent and reasonable person would draw therefrom* that determine whether an insured has reasonably justified his decision not to notify the insurer." (Citation and punctuation omitted; emphasis supplied.) *Forshee v. Employers Mut. Cas. Co.*, 309 Ga. App. 621, 624 (711 SE2d 28) (2011). Our Supreme Court has indicated that even later-acquired information regarding potential coverage — coverage that might not have been available until an event that post-dated the accident occurred — does not suffice as a possible justification for delay that would raise a jury question. Further,

> there is no evidence—indeed, not even an assertion—that [Patterson's] ignorance of the terms of the subject insurance policy was due to any fraud or overreaching on the part of the insurer or its agents. And the law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract.

(Citations and punctuation omitted.) *Owens*, 365 Ga. App. at 239. For the foregoing reasons, we find Patterson's delay unreasonable as a matter of law. The trial court's order properly dismissed his claim, and we find no error.

*Judgment affirmed. Pipkin, J., concurs and McFadden, P.J., concurs specially.*

# In the Court of Appeals of Georgia

A25A0259. PATTERSON v. UNITED SERVICES
AUTOMOBILE ASSOCIATION.

McFADDEN, Presiding Judge, concurring specially.

I write separately because, while I agree that we should affirm the grant of summary judgment to USAA, I would address the merits of Patterson's argument that the language of the policy was unclear regarding coverage for injuries sustained by an insured pedestrian who is hit by a vehicle.

It is true that "the fact that an insured did not know the policy might afford coverage under a given factual situation may provide justification for the failure to give notice." *Standard Guar. Ins. Co. v. Carswell*, 192 Ga. App. 103, 104 (384 SE2d 213)

(1989). Accord *Newberry v. Cotton States Mut. Ins. Co.*, 242 Ga. App. 784, 786 (2) (531 SE2d 362) (2000). But contrary to Patterson's argument, the policy language is unambiguous on this point. The policy provides "Uninsured Motorists Coverage," which covers

> compensatory damages which a covered person[, defined to include the insured,] is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of [bodily injury] . . . sustained by a covered person and caused by an auto accident. . . . The owner or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.

While the insured's injuries must have been "caused by an auto accident" under this provision, nothing in the language suggests that the insured himself must have been occupying a vehicle at the time of the accident. Cf. *Eells v. State Farm Mut. Auto. Ins. Co.*, 324 Ga. App. 901, 905 (1) (c) (752 SE2d 70) (2013) (trial court must determine if contract language governing UM coverage in a hit-and-run accident was ambiguous where the policy defined an uninsured motor vehicle to include "a 'hit-and-run' land motor vehicle whose owner or driver remains unknown, if: (a) such vehicle strikes: (1) *the insured or the vehicle the insured is occupying*. . . ." and also

2

instructed the insured to "let us see the *insured car the person occupied in the accident.* . . .") (emphasis in original).

And language in another section of the policy, concerning "Medical Payments Coverage," indicates that the term "auto accident" includes accidents where the insured is a pedestrian hit by a vehicle. See generally *Geiger v. Ga. Farm Bureau Mut. Ins. Co.*, 305 Ga. App. 399, 401 (1) (a) (699 SE2d 571) (2010) (an insurance policy must be construed as a whole). The policy provides that such "Medical Payments Coverage" covers "the reasonable and necessary medical expenses . . . that . . . [r]esult from [bodily injury] sustained by a covered person in an auto accident[,]" and it provides that a "covered person" includes the insured, "*while not occupying a motor vehicle* if injured by . . . [a] motor vehicle designed for use mainly on public roads[.]" (Emphasis supplied.)

To be ambiguous, language in an insurance policy must be susceptible to more than one reasonable interpretation. *State Farm Mut. Auto. Ins. Co. v. Staton*, 286 Ga. 23, 25 (685 SE2d 263) (2009). The language of this policy, even when read from the point of view of a layperson, see *Eells*, 324 Ga. App. at 905 (1) (c), is not susceptible to any reasonable interpretation other than that an insured is entitled to coverage for

injuries caused by a vehicle accident, whether or not the insured was occupying a vehicle at the time. For this reason, Patterson's "justification for the delay in this matter is unreasonable as a matter of law." *Owens v. Progressive Premier Ins. Co.*, 365 Ga. App. 236, 239 (878 SE2d 101) (2022).